IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EDDIE IRA SANDERS, SR., as Administrator of the estate of EDDIE IRA SANDERS, JR., deceased, ) ) ) ) | |
| PLAINTIFFS, ) ) | |
| v. ) ) | CASE NO. 1:07-CV-0008-MEF |
| CITY OF DOTHAN, JOHN POWELL in his individual and official capacity as Chief of Police for the City of Dothan, MAMIE GRUBBS individually and in her official capacity as Jail Administrator for the City of Dothan Jail and Officer Badge No. 744, individually and officially, ) ) ) ) ) ) ) ) ) ) | |
| DEFENDANTS. ) | |

**DEFENDANTS CITY OF DOTHAN AND
JOHN POWELL'S PARTIAL MOTION TO DISMISS**

Come now the Defendants City of Dothan and John Powell in the above styled cause, by and through the undersigned attorney, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves this Honorable Court to dismiss Counts II and III of Plaintiff's Complaint against them for failure to state a claim upon which relief may be granted.

**Background Information**

Plaintiff Eddie Ira Sanders, Sr., as administrator of the estate of Eddie Ira Sanders, Jr., deceased, filed this cause on January 3, 2007. Service was not accepted by the undersigned counsel due to the Plaintiff's non-compliance with Rule 4(d), F.R.C.P., Request to waive service. Plaintiff's agent for service delivered a summons and complaint to Chief John Powell's administrative assistant on March 26, 2007. Defendants have waived this defect in service.

Plaintiff's Complaint alleges that Chief Powell violated the constitutional rights of the deceased, Eddie Ira Sanders, Jr. Chief Powell is alleged to have failed "to train and staff officers and jail personnel with sufficient knowledge of how to respond to medical emergencies." (Paragraph 38, Plaintiff's Complaint). Plaintiff alleges that the City of Dothan violated the deceased's Fourteenth Amendment substantive due process rights also "by failing to train officers to respond to medical emergencies. (Plaintiff's Complaint, paragraph 32). Plaintiff asserts supplemental state law negligence and wrongful death claims against both Defendants.

**Argument**

A.  Dismissal Standard

Dismissal of a complaint pursuant to Rule 12(b)(6) is appropriate if "it appears beyond doubt that the plaintiff can prove no set of facts that would entitle

him to relief." Bradberry v. Pinellas County, 789 F.2d 1513, 1515 (11th Cir. 1986), quoting, Conley v. Gibson, 355 U.S. 41 (1957).

Accepting the facts of Plaintiff's Complaint therefore as true and viewing them in a light most favorable to the Plaintiff, his complaint is the first ever made, either personally or on behalf of someone else, claiming that they did not receive emergency medical treatment as a pretrial detainee of the Dothan Police Department. At the time of his traffic stop the Plaintiff's deceased did not appear to be operating his motor vehicle under the influence of a controlled substance but was properly stopped by a Dothan Police officer. That officer did not know that at some unknown time and for some unknown reason the deceased had swallowed some unknown quantity of cocaine. It is known, however, from Plaintiff's complaint that the one hour's time from when the deceased was pulled over until he was taken to the hospital included the time required for the cocaine to render him unconscious.

Further, it is clear from Plaintiff's complaint that the deceased was not booked into the jail while unconscious, rather he was held at the jail until emergency transportation arrived. He was then transported to a local hospital for treatment but died nearly a week later.

B.   Chief John Powell

In any § 1983 action the initial inquiry must focus on whether the two essential elements to a §1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. Albright v. Oliver, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994). Chief Powell as the Chief of the City of Dothan Police Department possesses the authority to direct the training of his subordinate police officers and jail personnel. In this regard therefore his involvement in the training of these personnel comes under the color of law. Thomas v. City of Clanton, 285 F. Supp. 2d 1275, 1281 (M.D. Ala. 2003)

In order then to determine whether Chief Powell may be held liable in his individual capacity under a theory of supervisor liability it is necessary to precisely define Plaintiff's alleged constitutional deprivation. Thomas at 1280. Plaintiff's complaint alleges Chief Powell is liable for a Dothan police officer's alleged violation of the deceased rights under the Fourteenth Amendment on the basis of his failure to train personnel on how to respond to medical emergencies. As the Eleventh Circuit has explained, "supervisor liability under § 1983 exists either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official

4

and the alleged constitutional deprivation." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

The standard for the imposition of liability upon a supervisor defendant who was not present when the alleged constitutional violation occurred is "extremely rigorous." Bradley v. Florida Dept. of Labor and Employment, 133 F.3d 797, 802 (11th Cir. 1998). Therefore, Plaintiff must show a causal connection which can be established when a history of widespread abuse puts the reasonable supervisor on notice of the need to correct the alleged deprivation and he fails to do so or when the supervisor's improper custom or policy resulted in the deliberate indifference to a constitutional right. Gonzales v. Reno, 325 F.3d 1228, 1234-35 (11th Cir. 2003).

The Plaintiff cannot show that Chief Powell is liable in his individual capacity under a theory of supervisor liability because his Complaint fails to allege a constitutional violation committed by him. The Plaintiff does not allege any affirmative custom or policy implemented by Chief Powell that played a role in the death of Mr. Sanders. Cottone v. Jenne, 326 F.3d 1352, 1362 (11th Cir. 2003) (citing Gonzales v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003); See also, Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991). Neither does Plaintiff allege that Chief Powell personally participated in the alleged constitutional violation and/or directed his subordinates to act unlawfully. Braddy v. Florida Department of

5

Labor and Employment Sec., 133 F.3d 797, 802 (11th Cir. 1998); Braun v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990).

Plaintiff alleges involvement by the Dothan Police Department in the deaths of five pre-trial detainees. (Plaintiff's Complaint, ADDITIONAL FACTS AGAINST THE CITY). The Complaint, however, makes it clear that three of these persons were not pre-trial detainees but instead were killed in motor vehicle crashes. Neither of the other two "pre-trial detainees'" causes of death are given nor is it alleged that either were deprived of medical care by any official or employee of the City of Dothan. Plaintiff does allege the City neglected to provide medical care to another pre-trial detainee who was admitted to the jail while bleeding from a stab wound.

These incidents cannot, either together or separately, establish a widespread history of a denial by police or jail personnel of adequate medical care to pre-trial detainees.[1] The "widespread abuse" has been held by the Eleventh Circuit to contemplate that constitutional violations must "occur with frequency", as where "rights are systematically violated on a near-daily basis" via a "repeated pattern of unconstitutional behavior." Holloman v. Harland, 370 F.3d 1252, 1294 (11th Cir. 2004). The deprivations that constitute widespread abuse sufficient to notify the supervising official must be "obvious, flagrant, rampant, and of continued

---

[1] Plaintiff's Complaint offers only the stab wound incident as "a history of neglecting to provide medical care for seriously injured pre-trial detainees." (Paragraph 22, Plaintiff's Complaint).

6

duration, rather than isolated occurrences." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999). For purposes of supervisor liability, the failure to act or implement policy must be in the face of repeated violations or other indicators signifying a strong likelihood that the situation will recur. West v. Tillman, 2006 WL 2052520 (S.D. Ala. 2006), quoting, Harris v. City of Marion, 79 F.3d 56, 58-59 (7th Cir. 1996). Plaintiff has therefore failed to allege the causal connection required to impose supervisor liability against Chief Powell.

City of Dothan

The Eleventh Circuit has held that municipal liability for constitutional violations is analogous to that of a supervisor's liability. Greason v. Kemp, 891 F.2d 829, 837 (11th Cir. 1990) citing, City of Canton, 489 US at 390, 391, 109 S. Ct. at 1206. In City of Canton, the Supreme Court held that a municipality can be liable for deficient training if the city's policymakers were deliberately indifferent to infringements of constitutional rights that are caused by lack of training and supervision. 489 U.S. at 389, 109 S. Ct. at 1205.

The same analysis used therefore to determine whether Chief Powell was deliberately indifferent to Plaintiff's constitutional rights is used to determine the City of Dothan's liability. To put a municipality on notice that more or different training is required, past incidents must show a pattern of "widespread prior abuse." Wright v. Sheppard, 919 F.2d 665, 674 (11th Cir. 1990).

The Eleventh Circuit has further held that "it is the rare instance that only one previous incident will be sufficient to place a municipality on notice of widespread abuse" constituting deliberate indifference. Owens v. City of Fort Lauderdale, 174 F. Supp. 1298, 1312 (S.D. Fla. 2001). The City of Dothan submits that the single incident history of the City's "neglecting to provide medical care for seriously injured pre-trial detainees" alleged in Plaintiff's Complaint is not sufficient to place the City of Dothan on notice of "widespread abuse" constituting deliberate indifference. (See also, Sewell v. Town of Lake Hamilton, 117 F.3d 488, 490 (11th Cir. 1997), "it is not enough to show that a situation will arise and that taking the wrong course in that situation will result in injuries to citizens . . . City of Canton also requires a likelihood that the failure to train or supervise will result in the officer making the wrong decision. Where the response is obvious to all without training or supervision, then the failure to train or supervise is generally not "so likely" to produce a wrong decision as to support an inference by city policymakers of the need to train or supervise.")

The Plaintiff, in other words, must show that the lack of training was the "moving force" behind the death of his son in order to properly assert a claim against the City of Dothan. This he cannot do. Plaintiff's claims, even when taken as true therefore, are not enough to establish liability against the City of Dothan for the alleged acts of its employees.

## CONCLUSION

Based upon the foregoing authority, Counts II and III are due to be dismissed with prejudice for failure to state a claim upon which relief can be granted.

Respectfully submitted this 16th day of April, 2007.

s/ F. Lenton White
F. Lenton White (WHI025)
City Attorney
P.O. Box 2128
Dothan, AL  36302
(334) 615-3130

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of April, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Roderick T. Cooks, Esq. and Lee D. Winston.

s/ F. Lenton White
Of Counsel
