IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **EDDIE IRA SANDERS, SR.,** as Administrator of the estate of **EDDIE IRA SANDERS, JR.,** deceased, ) ) ) ) **Plaintiffs** ) v. ) ) **CITY OF DOTHAN, JOHN POWELL** in his individual and official capacity as Chief of Police for the City of Dothan, **MAMIE GRUBBS** individually and in her official capacity as Jail Administrator for the City of Dothan Jail and Officer Badge No. 744, individually and officially, ) ) ) ) ) ) ) ) ) ) **Defendants.** ) | **Civil Action No.:** **1:07-CV-00008 (MEF)** |

**PLAINTIFF'S RESPONSE TO CITY OF DOTHAN AND
JOHN POWELL'S PARTIAL MOTION TO DISMISS**

Comes now the Plaintiff, Eddie Ira Sanders, Sr., in the above styled case and responds to the City of Dothan and John Powell's Partial Motion to Dismiss as follows:

**I.   Introduction**

Plaintiff Eddie Ira Sanders, Sr. (Plaintiff), as administrator of the estate of Eddie Ira Sanders, Jr., deceased, filed the above styled case on January 3, 2007 alleging that the City of Dothan, the Chief of the City of Dothan's Police Department, City of Dothan Jail Administrator Mamie Grubbs and Officer Badge No. 744 acted with deliberate indifference to the medical needs of pre-trial detainee Eddie Ira Sanders, Jr., who died after being placed into custody. Plaintiff further alleges that Defendant Powell, as the supervisory officer responsible for the training, supervision and retention of police officers under his charge, failed to properly train police officers in the appropriate methods of arresting and detaining citizens they may come into contact with. Plaintiff also alleges

that Defendant City of Dothan, as the ultimate policy maker for the City of Dothan Police Department, failed in this regard as well. (See Compl. ¶1).

On April 16, 2007 prior to any discovery and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure Defendants Powell and City of Dothan filed a Partial Motion to Dismiss Counts II and III of Plaintiff's Complaint against them for failure to state claim upon which relief may be granted.

### I.    Standard for Granting a Rule 12(b)(6) Motion to Dismiss

District courts should not grant a motion to dismiss unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *75 Acres, LLC v. Miami-Dade County, Florida,* 338 F.3d 1288 (11th Cir. 2003). When evaluating such a motion, district courts must accept as accurate any factual allegations presented in the complaint and also construe them in the light most favorable to the plaintiff. *Id.* Moreover, a complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory. *Wilson v. Miami-Dade County,* 2005 WL 3597737 (S.D.Fla.)(quoting *Bowers v. Hardwick,* 478 U.S. 186, 201-02, 106 S.Ct. 2841, 92 L.Ed.2d 140 (1986)).

### II.    Defendant City of Dothan

A Plaintiff attempting to hold a municipality liable under 42 U.S.C. § 1983, must allege: (1) his constitutional rights were violated; (2) the municipality had custom or policy that constituted deliberate indifference to that constitutional right; and (3) the policy or custom caused the violation. *McDowell v. Brown,* 392 F.3d 1283, 1288 (11th Cir. 2004). The City of Dothan concedes that the

inadequacy of police training and supervision may serve as the basis for municipal liability pursuant to §1983 where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact. *City of Canton, Ohio v. Harris,* 489 U.S. 378, 388 (1989). However, the City argues that the Plaintiff's claim against it fails because (1) he has not alleged any affirmative custom or policy implemented by the City that caused a constitutional violation and (2) he cannot provide a factual link between the City's alleged policies or customs and the alleged constitutional violations. (See Defs.' Mot. at p. 7-8). Put another way, the City wishes to impose on the Plaintiff in the instant case a "heightened pleading" standard more stringent than the usual pleading requirements of Rule 8 in civil rights cases alleging municipal liability under § 1983. *Swann v. Southern Health Partners, Inc.,* 388 F.3f 834 (11th Cir. 2004)(internal citation omitted). At this stage of the proceedings, however, the Plaintiff is only required to plead "a short and plain" statement of his claim, which is what he has done. Fed.R.Civ.P. 8(a).

In Count II of Plaintiff's Complaint he clearly alleges: (1) that the City, by its deliberate indifference to his medical emergency, violated Sanders, Jr.'s fourteenth amendment right to receive medical care to prevent unwarranted punishment and death; (2) that the violations were caused by the City's "lack of training and supervision in regards to police officers having the ability to appropriately react to medical emergencies without causing the deprivation of constitutional rights"; and (3) "as a direct and proximate result of the above mentioned unconstitutional actions of Defendant City, Sanders, Jr. sustained severe physical injury causing pain and suffering and his eventual death." Nothing more is required of the Plaintiff at this point.

In *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163 (1993), the plaintiffs sued several local officials and two municipal corporations for violations of

their Fourth Amendment rights. The stated basis for municipal liability was inadequate training of police officers involved in alleged illegal searches. The district court ordered the complaints dismissed because of their failure to meet the "heightened pleading" standard established by the decisional law of the Fifth Circuit. The Fifth Circuit affirmed the judgment of dismissal. The Supreme Court reversed the Fifth Circuit and rejected this so called "heightened pleading" standard and held that the federal courts may not apply a "heightened pleading" standard more stringent than the usual pleading requirements of Federal Rule of Civil Procedure 8(a) in civil rights cases alleging municipal liability under Section 1983. The Court went on to state that "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later." *Id.* at 168-169.

The Court reiterated this statement of law in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), where it held that:

> "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions. Rule 9(b), for example, provides for greater particularity in all averments of fraud or mistake. This Court, however, has declined to extend such exceptions to other contexts. In *Leatherman* we stated: "[T]he Federal Rules do address in Rule 9(b) the question of the need for greater particularity in pleading certain actions, but do not include among the enumerated actions any reference to complaints alleging municipal liability under § 1983."
> (Internal Citations Omitted).

Accordingly, Plaintiff need not point to a specific custom, policy, or practice in order to withstand a motion to dismiss, it is enough if such can be inferred from the allegations of the complaint which must be given liberal construction. *Swann v. Southern Health Partners, Inc.,* 388 F.3d 834, 836-37 (11th Cir. 2004); *Shaw v. Cal. Dept. of Alcoholic Beverage Control,* 788 F.2d 600, 610 (9th Cir. 1986); *Starstead, et al. v. City of Superior, et al.,* 533 F. Supp. 1365 (W.D. Wisconsin 1982)(an

official policy may be inferred from a complaint's allegations); *Villa v. Franzen,* 511 F. Supp. 231 (N.D. Ill. 1981)(Monell requirement is met as long as the complaint indicates that it is possible that existence of a policy, custom, or practice might be established").

The City's other ground for dismissal of Count II is equally deficient because Plaintiff is also not required to plead specific facts to support a factual link between the policies or customs of the City and the death of Sanders, Jr. *Hung Phan v. City of St. Petersburg,* Fla., 2007 WL 1225380 (M.D. Fla.). Moreover, even if such facts were required, which they were not, Plaintiff sufficiently pled them when he stated that "as a direct and proximate result of the above mentioned unconstitutional actions of Defendant City, Sanders, Jr. sustained severe physical injury causing pain and suffering and his eventual death." Furthermore, Plaintiff should be allowed discovery to determine if a causal link exists between the City's alleged policies and customs and the death of Sanders, Jr. Therefore, Plaintiff has met the requirements necessary to allege a violation of 42 U.S.C. § 1983 in Count II.

### III.  Defendant Chief John Powell

With regard to Chief Powell, any claim brought against him pursuant to § 1983 is subject to a "heightened pleading" standard because he is a defendant to whom qualified immunity is possibly available. *Swann v. Southern Health Partners, Inc.,* 388 F.3d 834, 838 (11th Cir. 2004). Thus, to impose liability upon Chief Powell as a supervisor for failure to train and deliberate indifference to Sanders, Jr.'s medical needs, the Plaintiff must plead facts with some specificity so as to make out his claims. *Id.* at 838. In the instant case, the Plaintiff has done so.

Plaintiff's allegations clearly set forth his claims against Chief Powell for failure to train and deliberate indifference. For example, Plaintiff clearly states the date, time, and location and

circumstances surrounding the alleged constitutional violation. (See Compl. ¶11-16). These facts are adequate to place Chief Powell on notice of the nature of Plaintiff's claim. Moreover, the Plaintiff was not required to plead more than a single instance of misconduct, however, the Plaintiff did so by directing this Court's attention to a prior incident where a pre-trial detainee was denied medical treatment. (See Compl. ¶22); *See Leatherman v. Tarrant County et al.,* 507 U.S. 163 (1993). Thus, the Plaintiff has satisfied the pleading requirements for Count III of his claim against Chief Powell.[1]

### IV.    Conclusion

Based on the foregoing facts and citations of authority, Defendants City of Dothan and John Powell's Partial Motion to Dismiss is due to be denied in its entirety.

                        Respectfully submitted,

                        s/Roderick T. Cooks
                        Roderick T. Cooks, ASB 5819 078R

**OF COUNSEL:**
WINSTON COOKS, LLC
The Penick Building
319-17th Street North
Birmingham, AL 35203
Tel: (205)502-0970
Fax: (205)251-0231
email: rcooks@winstoncooks.com

---

[1] If this Court decides that Plaintiff's allegations lack factual specificity with respect to Counts II and III, Plaintiff requests that he be allowed an opportunity to amend the Complaint.

**CERTIFICATE OF SERVICE**

      I hereby certify that I have this day **electronically** filed the foregoing with the Clerk of the Court using the CM/ECF system and served a copy of the foregoing instrument via **electronic** and/or United States Mail, properly addressed and postage prepaid to the following:

F. Lenton White, Esq.
City Attorney
City of Dothan
P. O. Box 2128
Dothan, Alabama 36302

      Done this 11th day of May, 2007.

                                                   s/Roderick T. Cooks
                                                   OF COUNSEL