IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EDDIE IRA SANDERS, SR., as Administrator of the estate of EDDIE IRA SANDERS, JR., deceased, | ) ) ) ) |
| PLAINTIFFS, | ) ) ) |
| v. | ) CASE NO. 1:07-CV-0008-MEF ) |
| CITY OF DOTHAN, JOHN POWELL in his individual and official capacity as Chief of Police for the City of Dothan, MAMIE GRUBBS individually and in her official capacity as Jail Administrator for the City of Dothan Jail and Officer Badge No. 744, individually and officially, | ) ) ) ) ) ) ) ) |
| DEFENDANTS. | ) ) |

**DEFENDANTS CITY OF DOTHAN AND JOHN POWELL'S
REPLY TO PLAINTIFF'S RESPONSE TO CITY OF DOTHAN'S
AND JOHN POWELL'S PARTIAL MOTION TO DISMISS**

Come now the Defendants City of Dothan and John Powell in the above styled cause, by and through the undersigned attorney, and for reply to Plaintiff's Response to City of Dothan and John Powell's Partial Motion to Dismiss state as follows:

In his response to the City of Dothan's and Police Chief John Powell's Motion to Dismiss, Plaintiff argues that he cannot be held to a "heightened

pleading standard" by the City. As true as that may be, it is inapposite to the grounds for the City's motion.

The Defendants have not based their Motion to Dismiss on a requirement that the Plaintiff set out in detail the facts upon which he bases his claim, nor that he be held to any added specificity requirements beyond that set out in Rule 8, Federal Rules of Civil Procedure. Had the Plaintiff simply framed his complaint as a short and plain statement of the claim, a motion to dismiss would not likely be in order.

As pleaded however, the Plaintiff's Complaint has given specific grounds for his failure to train claim against the City of Dothan. The City's motion therefore, is not based upon Plaintiff's failure to provide enough specificity as to causation, rather, that Plaintiff's complaint specifically alleges facts which under any theory cannot support holding the City or Chief Powell liable for Mr. Sanders' cocaine overdose.

In other words, it is one thing for the Plaintiff to allege that a constitutional violation resulted from city policy; it becomes something else entirely when the Plaintiff ascribes causation to specific incidents which do not present any inference of like misconduct by police or when it is based upon a single incident rather than a widespread practice of constitutional deprivations.

The Supreme Court of the United States has expressed its concern for the danger of a municipality being held liable for an intervening cause rather than its own action. Board of County Commissioners of Bryan County, Oklahoma. v. Brown, 520 U.S. 397, 408, 409, 109 S. Ct. 1382, 1390, U.S., 1997. The U.S. Supreme Court has not foreclosed the possibility "that evidence of a single violation of federal rights, accompanied by a showing that a municipality has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation, could trigger municipal liability." Id., at 407, 109 S. Ct. at 1389 (citing Canton v. Harris, 489 U.S. 378, 390 and n. 10, 109 S. Ct. 1197, 1205 and n. 10 U.S. 1989, emphasis added). The single violation exception therefore, does not allow a cause of action for failure to train unless it can be shown that "policymakers were aware of, and acquiesced in, a pattern of constitutional violations". Id., at 390-391, 109 S. Ct., at 1205-1206, (emphasis added).

Rule 8 did not require the Plaintiff to allege the specific incidents constituting a "history of police actions" imputing the required knowledge of and acquiescence in such a pattern of constitutional violations to city officials. A simple allegation of the existence of a widespread practice of such constitutional violations may well have been sufficient to withstand a motion to dismiss for failure to state a claim for failure to train.

Plaintiff's federal claims against the City and Chief Powell based upon allegations of prior incidents are to be viewed in a light most favorable to the Plaintiff. Even the most favorable light shown on the hearsay statements from the NAACP will not reveal a federal cause of action against these Defendants based upon respondeat superior, nor any affirmative decision by a City decision maker to deny medical care to the Plaintiff.

It is significant that Plaintiff's response is not forthcoming with any assertion of the existence of facts which would show that the "history of police actions" is in any way similar to Plaintiff's claims. This omission is compounded by the fact that Plaintiff did not avail himself of the opportunity afforded by this Court's order of April 30, 2007 to present evidentiary materials relating to the existence of any fact demonstrating a pattern of widespread denial of medical care to pre-trial detainees in the Dothan Police Department.

As previously stated in these Defendants' Motion, the prior incidents alleged to constitute a widespread practice of constitutional deprivation bear no resemblance to Plaintiff's claims. No notice of a problem of deliberate indifference to medical needs of pretrial detainees can be therefore ascribed to city officials.

From the Complaint, including admitted hearsay, therefore, there is no possible theory for Plaintiff being entitled to relief from the City of Dothan or Chief Powell. Plaintiff's response does not say that there are other prior incidents

such as made the basis of his claim.  Rather it tacitly admits he has no basis for a claim against the City and provides no rational basis for either Chief Powell or the City of Dothan remaining a defendant in this case.

Respectfully submitted this 17th day of May, 2007.

        s/ F. Lenton White
        F. Lenton White (WHI035)
        City Attorney
        P.O. Box 2128
        Dothan, AL  36302
        (334) 615-3130

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of May, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Roderick T. Cooks, Esq. and Lee D. Winston.

        s/ F. Lenton White
        Of Counsel