IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EDDIE IRA SANDERS, SR., as Administrator of the Estate of Eddie Ira Sanders, Jr., Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:07-cv-008-MEF (WO - Do not publish) |
| CITY OF DOTHAN *et al.*, | ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND O R D E R**

This cause is before the Court on Defendants City of Dothan and John Powell's Partial Motion to Dismiss (Doc. # 16) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

**I.   Background**

On August 24, 2005, at approximately 7:28 p.m., Eddie Ira Sanders, Jr. ("Sanders"), the decedent, was ordered by a City of Dothan police officer to pull over while driving. Complaint (Doc. # 1, ¶ 11). Sanders complied with the order and pulled over. Other police officers were called to the scene of the traffic stop. Sanders was arrested and placed in the back of a police car, and he did not resist arrest or act in a threatening manner towards the officers. At some point during this incident, Sanders ingested an unknown amount of cocaine. At some point prior to the time he was placed in the back of a police car, Sanders entered an unconscious state.

Sanders was transported to the City of Dothan Jail, where he was held until approximately 8:30 p.m. While in jail, Sanders was unconscious and did not receive medical attention. Some time after 8:30 p.m., Sanders was transported to a hospital. On August 30, 2005, Sanders died. He did not regain consciousness after the August 24 arrest.

On January 3, 2007, Plaintiff Eddie Ira Sanders, Sr. ("Plaintiff"), as administrator of the estate of Sanders, filed this suit against the City of Dothan ("the City"), City of Dothan Police Chief John Powell ("Powell"), City of Dothan Jail Administrator Mamie Grubbs, and Officer Badge No. 744 (the officer who ordered Sanders to pull over). On April 16, 2007, the City and Powell filed a motion to dismiss Counts II and III of the Complaint, which allege violations of 42 U.S.C. § 1983 by the City and Powell, respectively.

**II.    Standard**

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Plaintiff's "[f]actual allegations must be enough to raise a right to relief above a speculative level on the assumption that the allegations in the complaint are true." *Id*. at 1965. It is not sufficient that the pleadings merely "le[ave] open the possibility that the plaintiff might later establish some set of undisclosed facts to support

2

recovery." *Id.* at 1968 (internal quotation and alteration omitted). The court will accept as true all well-pleaded factual allegations and view them in a light most favorable to the plaintiff. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007).

### III.    § 1983 Claim Against Powell

Plaintiff sued Powell in his individual capacity under 42 U.S.C. § 1983 for allegedly depriving Sanders of his substantive due process rights under the Fourteenth Amendment by "failing to train and staff officers and jail personnel with sufficient knowledge of how to respond to medical emergencies." (Doc. # 1, ¶¶ 37-38). Plaintiff further alleges that Powell was "deliberately indifferent to his responsibility to adequately prepare his police department to be able to arrest and detain pretrial detainees in a manner as to preserve their life." (*Id.* ¶ 40).

Plaintiff's § 1983 claim against Powell, under a theory of supervisory liability, must be predicated on a finding of an underlying constitutional violation. The Fourteenth Amendment's Due Process Clause governs claims involving state or local mistreatment of pretrial detainees and arrestees. *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996). The applicable standard of law for these claims is the same as the standard used for claims involving convicted persons, which are governed by the Eighth Amendment's Cruel and Unusual Punishment Clause. *Id.* Therefore, a Fourteenth Amendment violation occurs when an objectively substantial risk of serious harm to an arrestee exists, the prison official is subjectively aware of the risk, and the prison official responds to the

3

risk in an objectively unreasonable manner. *Cottone v. Jenne*, 326 F.3d 1352, 1358 (11th Cir. 2003) (citations omitted). Furthermore, the constitutional violation must cause the injury to the arrestee. *Id.*

A supervisor is "not liable under § 1983 for the unconstitutional acts of [his] subordinates on the basis of respondeat superior or vicarious liability." *Id.* at 1360 (quoting *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.1999)). Rather, he is liable if he "personally participates in the alleged unconstitutional conduct" or if "there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Id.* at 1360 (citations omitted). Plaintiff does not allege that Powell personally participated in the alleged mistreatment of Sanders, and thus the inquiry will focus on the "causal connection" category.

Section 1983 claims are subject to a "heightened pleading" standard when the Defendant is an individual to whom the qualified immunity defense is available. *Swann v. Southern Health Partners, Inc.*, 388 F.3d 834, 838 (11th Cir. 2004). Thus, to impose liability upon Powell as a supervisor for failure to train and deliberate indifference to Sanders's medical needs, the Plaintiff must plead facts with some specificity so as to make out his claims. *Id.*

A causal connection can be established in one of three ways: (1) "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," (2) "when facts support an inference that the

supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so," or (3) "when a supervisor's custom or policy . . . result[s] in deliberate indifference to constitutional rights." *Cottone*, 326 F.3d at 1360 (quoting *Gonzalez v. Reno*, 325 F.3d 1228, 1234-35 (11th Cir. 2003)).

To establish the first type of causal connection, "[t]he deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (quoting *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir.1990)). Plaintiff alleges that "the City of Dothan Police Department has been involved in the deaths of five (5) African-American pre-trial detainees since 2003." (Doc. # 1, ¶ 17). However, none of these deaths are alleged to have involved the denial of medical care to a pretrial detainee. The only alleged facts are that these individuals died during or soon after police chases. (*Id.* ¶¶ 18-21). Plaintiff alleges only one incident that involved the denial of medical care to a pretrial detainee. (*Id.* ¶ 22). A pretrial detainee was transported to the City of Dothan Jail while suffering from a stab wound, and he was placed in a cell overnight, despite heavy bleeding from his wound. (*Id.*). He was transported to a hospital the next day. (*Id.*). This single incident is insufficient to plausibly support a finding of "widespread abuse" that is sufficient to put Powell on notice of the need to take actions that would correct violations of arrestees' constitutional rights.

With respect to the second type of causal connection set forth in *Cottone*, there is no allegation that Powell directed the officer and jail administrator to deprive Sanders of medical care, and there is no allegation that Powell even knew of Sanders's detainment while it occurred. Therefore, the Court finds that the alleged facts do not support an inference that Powell directed or knew of the officer and jail administrator's conduct toward Sanders.

The third type of causal connection involves a custom or policy that results in a "deliberate indifference to constitutional rights." *Gonzalez v. Reno*, 325 F.3d 1228, 1234-35 (11th Cir. 2003). "[A] law enforcement agency's failure to adequately train its officers may constitute a 'policy' giving rise to governmental liability. . . . [L]iability may be imposed due to the existence of an improper policy or from the absence of a policy." *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991) (citing *Canton v. Harris*, 489 U.S. 378, (1989); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986); *Zatler v. Wainwright*, 802 F.2d 397 (11th Cir. 1986)).

In *Rivas v. Freeman*, a detainee sued a sheriff and other officials for his arrest and six-days of incarceration that resulted from being misidentified as probationer. 940 F.2d at 1492-93. The sheriff was found "liable because he failed to establish sufficient and appropriate procedures and policies regarding identification of arrestees, warrantless searches, and computer checks for information." *Id.* at 1495. There was evidence that the sheriff "knew of prior instances of mistaken identity, but allowed his deputies to

detain individuals even where discrepancies existed." *Id.*

In this case, Plaintiff alleges that Powell "was deliberately indifferent to his responsibility to adequately prepare his police department to be able to arrest and detain pretrial detainees in a manner as to preserve their life." (Doc. # 1, ¶ 40). Plaintiff does not allege that Powell had a specific policy that caused the alleged mistreatment of Sanders. Furthermore, Plaintiff does not allege that Powell knew of any prior incidents involving the failure to give adequate medical care to pretrial detainees, such as the incident that involved the detainee with the stab wound.

Therefore, because Plaintiff has failed to adequately allege that a causal connection existed between the actions of Powell and the alleged deprivation of Sanders's Fourteenth Amendment rights, the § 1983 claim against Powell is due to be dismissed.

## IV.    § 1983 Claim Against Defendant City of Dothan

"[A] city can be liable under § 1983 for inadequate training of its employees," but "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). Specifically, liability exists "where the municipality inadequately trains or supervises its employees, this failure to train or supervise is a city policy, and that city policy causes the employees to violate a citizen's constitutional rights." *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998) (citing *City of Canton*, 489 U.S. at 389-91).

The pleadings standard for a claim against a municipality is lower than the

standard for a claim against an official sued in his individual capacity.  "Where a § 1983 claim is asserted against a municipality, only the liberal pleading standards of Rule 8(a)(2) apply."  *Swann v. Southern Health Partners, Inc.*, 388 F.3d 834, 836 (11th Cir. 2004) (citing *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993)).  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."

In this case, Plaintiff alleges that the City violated Sanders's Fourteenth Amendment rights because an officer and jail administrator acted with deliberate indifference in withholding medical treatment from Sanders, and the City failed to properly train its officers to respond to medical emergencies.  (Doc. # 1, ¶ 31-32). According to Plaintiff, this indifference directly and proximately caused the death of Sanders.  (*Id.* ¶ 35).  Furthermore, Plaintiff alleges that the "City has a history of police actions which conclude with the death or physical injury of African-American pretrial detainees.  These constitutional violations stem from . . . express failures of policies and/or widespread customs of Dothan police."  (*Id.* ¶ 34).

Plaintiff's complaint meets the minimum requirement of Rule 8(a).  Plaintiff alleged that police officers were inadequately trained to deal with medical emergencies and failed policies and "widespread customs" caused constitutional violations.  Therefore, Defendants' Motion to Dismiss is due to be denied with respect to the § 1983 claim against the City.

Accordingly, it is hereby

ORDERED that Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART. Count III is DISMISSED WITHOUT PREJUDICE.[1] Plaintiff may file an Amended Complaint on or before April 10, 2008 that alleges its § 1983 claim against Defendant Powell with greater specificity.

Done this 31st day of March, 2008.

        /s/ Mark E. Fuller
        CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff requested the opportunity to file an Amended Complaint if this Court found that his allegations lack sufficient factual specificity with respect to Counts II and III. (Doc. # 21, at 6 n.1).

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.**  **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).