# Exhibit 1

# FREEDOM COURT REPORTING

```
1                IN THE U.S. DISTRICT COURT

2              MIDDLE DISTRICT OF ALABAMA,

3                  SOUTHERN DIVISION

4

5   SANDRA MONTGOMERY,          *      ORIGINAL

6              PLAINTIFF,       *

7   VS.                         *  CASE NO. CV-04-00361 MEF

8   CITY OF DOTHAN,             *

9              DEFENDANT.       *

10

11                 *  *  *  *  *  *  *  *  *  *

12

13         DEPOSITION OF CHARLES ALLEN PARKER,

14

15  taken before Melissa Martin on Wednesday, June 28,

16  2006, by the Plaintiff, commensing at the Dothan

17  Civic Center, Dothan, Alabama.

18

19

20

21

22

23
```

**FREEDOM COURT REPORTING**

```
1                    A P P E A R A N C E S

2

3         FOR THE PLAINTIFF:

4    HONORABLE RODERICK T. COOKS

5    HONORABLE LEE WINSTON

6    WINSTON COOKS

7    The Penick Building

8    319 17th Street North Suite 201

9    Birmingham, Al 35203

10

11        FOR THE DEFENDANTS:

12   HONORABLE CAROL SUE NELSON

13   MAYNARD COOPER & GALE, P.C.

14   1901 Sixth Avenue North

15   2400 AmSouth Harbert Plaza

16   Birmingham, Alabama  35203

17

18        ALSO PRESENT:

19   Kai Woodham Davis

20   Sandra Montgomery

21

22

23
```

# FREEDOM COURT REPORTING

1      A     Yes, sir.

2      Q     Okay.  Do you remember anything that Warden

3   Grubbs may have said to you about the incident with

4   Inmate Burns?

5      A     If she did say anything, she just wanted to

6   know if I knew anything about him being injured.

7      Q     And your answer to that was no.  Right?

8      A     I said no.

9                MR. COOKS:  Let's take a quick

10               break.

11     Q     (By Mr. Cooks)  Okay.  Sir, isn't it true,

12   sir, that police officers drop off injured inmates

13   all the time to the City Jail?

14               MS. NELSON:  Object to the form.

15               You can answer if you understand.

16     A     Okay.  Speaking of all the time, no, sir,

17   not all the time.

18     Q     (By Mr. Cooks)  Isn't it true they have

19   done that in the past and continue to do that?

20     A     They have been -- in the past there have

21   been incidents where somebody would come to jail and

22   be injured.

23     Q     Isn't it true that the police officers were

# FREEDOM COURT REPORTING

1  supposed to -- if they discover somebody is injured

2  before they get to the jail they are supposed to

3  take them to the hospital themselves?

4      A    Yes, sir.  That should be the way it is

5  done.

6      Q    But it is not done that way all the time.

7  Correct?

8      A    I can't say all the time.  No, sir.

9              MR. COOKS:  Well, that is it.

10             MS. NELSON:  I don't have any

11         questions.

12                 (The deposition concluded.)

13

14

15

16

17

       18

19

20

21

22

23

# Exhibit 2

1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE MIDDLE DISTRICT OF ALABAMA

3    SOUTHERN DIVISION

4    CIVIL ACTION NUMBER

5    1:04-CV-361-F

6                         COPY

7    SANDRA A. MONTGOMERY,

8           PLAINTIFF,

9    VS.

10   THE CITY OF DOTHAN, et al.,

11          DEFENDANTS.

12

13          DEPOSITION OF:

14       SANDRA A. MONTGOMERY

15

16      S T I P U L A T I O N

17      IT IS STIPULATED AND AGREED by and

18   between the parties through their

19   respective counsel, that the deposition of

20   SANDRA A. MONTGOMERY, may be taken before

21   Donna Winters, Commissioner and Notary

22   Public, State of Alabama at Large, at the

23   law offices of Maynard, Cooper & Gale,

# FREEDOM COURT REPORTING

Page 2

1  2400 AmSouth/Harbert Plaza, 1901 Sixth

2  Avenue North, Birmingham, Alabama 35203,

3  on the 9th day of May 2006 commencing at

4  9:00 a.m.

5  DEPOSITION OF:   SANDRA A. MONTGOMERY

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

1   Q.     You're talking about for medical

2   procedures?

3   A.     Yes.

4   Q.     Did any of those individuals testify

5   at the personnel board hearing?

6   A.     Yes.

7   Q.     And you're saying their testimony

8   questioned the medical procedures in the

9   jail?

10  A.     Yes.

11  Q.     And what medical procedures were you

12  questioning, or were they questioning?

13  A.     The biggest problem we had was the

14  fact that police officers were allowed to

15  bring in injured inmates all the time.

16  And their PGO and our PGO states

17  otherwise.

18  Q.     Well, you don't report to the police

19  department; do you?  Are you under their

20  PGO's?

21  A.     No, but they say similar things.

22  Q.     And they're not under your SOP's;

23  are they?

**FREEDOM COURT REPORTING**

1  A.    No, they're not.

2  Q.    You were trying to cast the blame of

3  this on the police officers?

4  A.    The police officers had prior

5  knowledge of the man's injury.

6  Q.    And how do you know that?

7  A.    Because they testified to it, that

8  fact, at the hearing.

9  Q.    And are you trying to say that

10  should have excused you from your conduct?

11       MR. COOKS:  I object to the form.

12  A.    No, but when you have several

13  different people involved in an incident

14  and I'm the only one who gets punished, I

15  thought that that should be reviewed.

16  Q.    And what police officer testified

17  that he had knowledge of the wound?

18  A.    He was arrested by Officers McMann,

19  Butler, and Mullins; and I believe all

20  three testified to the fact that they had

21  prior knowledge of his injury before they

22  arrested him.

23  Q.    Do you know if any action was taken

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **EDDIE IRA SANDERS, SR., as administrator** | ) | |
| **of the estate of EDDIE IRA SANDERS, JR.,** | ) | |
| **deceased,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | |
| **CITY OF DOTHAN, JOHN  POWELL** | ) | **2:07-cv-008-MEF** |
| **in his individual and  official capacity** | ) | |
| **as Chief of Police for the City of Dothan,** | ) | **Jury Trial Demanded** |
| **MAMIE GRUBBS individually and in her** | ) | |
| **official capacity as Jail Administrator for the** | ) | |
| **City of Dothan Jail and Officer Badge No. 744,** | ) | |
| **individually and officially,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

### I.    INTRODUCTION

1.    This is an action for damages sustained by a citizen of the United States against The

City of Dothan, Alabama, the Chief of the City of Dothan Police Department, Jail Administrator

Mamie Grubbs and Officer Badge No. 744. Defendant Officer Badge No. 744 acted with deliberate

indifference to the medical needs of pre-trial detainee Eddie Ira Sanders, Jr., the deceased, who died

after being placed into custody.  Defendant Jail Administrator Mamie Grubbs acted with deliberate

indifference to the medical needs of pre-trial detainee Eddie Ira Sanders, Jr., the deceased, who died

as result of an express municipal policy, a wide spread practice of allowing police officers to deposit

persons needing medical attention at the city jail, rather than the hospital, or a deliberate act of a

person  with final policy making authority with respect to this practice. Plaintiff, Eddie Ira Sanders,

Sr.,  also brings an action for damages  against Chief of Police John Powell,  as the supervisory

officer responsible for the training, supervision and retention of police officers under his charge, for failure to properly train police officers in the appropriate methods of arresting and detaining citizens, and against the City of Dothan, Alabama as the ultimate policymaker for the City of Dothan Police Department.

## II.    JURISDICTION AND VENUE

2.    The jurisdiction of this Court is instituted and authorized pursuant to 28 U.S.C. § 1331 and 1343(a)4). Supplemental jurisdiction for the state law claims is invoked pursuant to 28 U.S.C. §1367.

3.    Defendant City of Dothan is located in Houston County, Alabama. Upon information and belief, all of the individual defendants reside in Houston County, Alabama. A substantial part of the unlawful acts alleged herein occurred in Houston County, Alabama. Thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4.    Plaintiff's decedent had no administrative remedies available to him, as required by 42 U.S.C. § 1997e.

## III.    STATEMENT IDENTIFYING THE PARTIES

5.    The Plaintiff, Eddie Ira Sanders, Sr.(hereinafter "Sanders, Sr."), is an individual over the age of nineteen (19) years and a citizen of the United States residing in Houston County, Alabama. Sanders, Sr. is the duly appointed administrator and legal representative of the estate of Eddie Ira Sanders, Jr., (Sanders, Jr.) deceased.

6.    Eddie Ira Sanders, Jr., the decedent, at all times material to this complaint, was a resident of the City of Dothan and a legal resident of the State of Alabama at the time of his death.

7.    Defendant, City of Dothan (hereinafter "City"), is a political subdivision of the State

2

of Alabama, a Alabama municipal corporation, and, at all times relevant hereto, it employed Defendants, Police Chief John Powell, Jail Administrator Mamie Grubbs, and Officer Badge No. 744.

8.    At all times relevant hereto, Defendant, John Powell (hereinafter "Powell") was the duly appointed Chief of Police of the Department and is sued in his individual capacity.  As such, he was the commanding officer of Defendant Officer Badge No. 744 and Jail Administrator Mamie Grubbs and was responsible for their training, supervision and conduct. He was also responsible for enforcing the regulations of the City and for ensuring that the police personnel of the City obeyed the laws of the State of Alabama and the United States of America.

9.    At all times relevant hereto and in all actions described herein, Defendant, Officer Badge No. 744 (hereinafter "Badge No. 744"), was acting under color of law as a police officer, and in such capacity, as the agent, servant and employee of Defendant City.  Badge Number 744 is sued in his individual capacity.

10.    At all times relevant hereto and in all actions described herein, Defendant, Mamie Grubbs (hereinafter "Grubbs"), was acting under color of law as a Jail Administrator, and in such capacity, as the agent, servant and employee of Defendant City.  Grubbs is sued in her individual capacity.

**IV.    STATEMENT OF THE FACTS**

11.    On August 24, 2005, at approximately 7:28 P.M., Eddie Ira Sanders, Jr., the decedent, was driving a 1997 black Pontiac Grand-Am when he was ordered to pull over along the 100 block of North Cherry Avenue by City of Dothan Police Officer Badge No. 744.

3

12.    Eddie Ira Sanders, Jr. complied with the officer's request and pulled his vehicle over alongside the road.  Sanders, Jr. did not resist arrest nor did he act in a threatening manner toward Officer Badge No. 744.  Even though Sanders, Jr. did not resist arrest or act in a threatening manner toward the arresting officer, several City of Dothan Police officers were called to the scene of this traffic stop.

13.    Sanders, Jr. was handcuffed at this traffic stop, however, he had not presented a threat to these officers.

14.    During this incident Sanders, Jr. ingested an unknown quantity cocaine. Sanders, Jr. then became unconscious and was placed in the back of a police car in an unconscious state.

15.    Sanders, Jr. was then transported to the City of Dothan Police Jail and held there until

approximately 8:30 P.M. without receiving medical attention.  Some time after 8:30 p.m. a still unconscious  Sanders, Jr. was transported to the Southeast Alabama Medical Center.

16.    Sanders, Jr. never regained consciousness after being arrested by the City of Dothan Police Department and died on August 30, 2005.

## V.    ADDITIONAL FACTS AGAINST THE CITY

17.    According to the Dothan branch of the N.A.A.C.P., the City of Dothan Police Department has been involved in the deaths of five (5) African-American pre-trial detainees  since 2003.

18.    On February 7, 2003, Timothy Brooks died shortly after being apprehended by the City of Dothan Police following a three-block foot chase.

19.    On April 27, 2003, Byron Johnson was killed after a short police chase with City of

4

Dothan police officers in which the motorcycle he was driving crashed into another vehicle.

20.    On February 7, 2004, Jestaro Reynolds was killed after eluding City of Dothan police officers for a short distance.

21.    On July 17, 2004, Kevin Jones and Zacharia Jones, were killed when the vehicle they were driving crashed into a building after being chased by City of Dothan Police officers.

22.    The City also has a history of neglecting to provide medical care for seriously injured pretrial detainees. On June 28, 2006, Dothan City Jail Security Sergeant, Charles Allen Parker, testified that on more than one occasion injured inmates had been brought to the jail by police officers when they were supposed to have been transported to the hospital for medical treatment. (Ex. 1, Dep. Testimony of Charles Allen Parker, pp. 19-20). Another former Jail Security Sergeant, Sandra Montgomery, testified that neglecting or denying injured pre-trial detainees medical care was an ongoing problem which the Defendants refused to correct. (Ex. 2, Dep. Testimony of Sandra Montgomery pp. 177-178).[1]

23.    For example, on July 11, 2003, pretrial detainee Claude Burns was transported to the City of Dothan Jail suffering with a stab wound to one of his arms. Instead of being taken to the hospital immediately by the arresting officers, Mr. Burns was handed off to jail personnel and placed in a cell overnight where he continued to suffer heavy bleeding from his wound until he was transported to the hospital the next day. The bandage covering Mr. Burns' wound was soaked through with blood.

24.    Likewise, on March 17, 2002, Michael Preston and Ryan Birge were brought into the

---

[1]Parker and Montgomery provided this testimony in the case captioned *Montgomery v. The City of Dothan, et al.*, 1:04-CV-361-F.

5

Dothan City Jail with injuries. These pre-trial detainees should have been immediately taken to the hospital but were not.

25.    Although, John Powell did not become the Chief of Police until some time in 2004, the testimony of Parker seems to indicate that the practice of not providing pre-trial detainees proper medical treatment was happening as late as 2006. Thus, Chief Powell should have had notice of this practice and should have taken steps to curtail it.

## VI.    CAUSES OF ACTION

### COUNT I

**Violation of Civil Rights While Acting Under The Color of Law 42 U.S.C. § 1983 Against Defendants Officer Badge No. 744 and Grubbs Individually**

26.    The Plaintiff re-alleges and incorporates by reference the above paragraphs with the same force and effect as if fully set out in specific detail herein below.

27.    At the time of his arrest, Sanders, Jr., the decedent, was rendered visibly unconscious after ingesting cocaine.

28.    Despite the fact that Sanders, Jr., the decedent, was unconscious, Defendant Officer Badge No. 744 allowed Sanders, Jr. to be transported to the Dothan City Jail, into the custody of Jail Administrator Mamie Grubbs, instead of to the hospital.

29.    Defendant Grubbs allowed Sanders, Jr. to remain unconscious in the Dothan City Jail until 8:30p.m., when he was finally transported to hospital.

30.    Sanders, Jr. never regained consciousness and was pronounced dead on August 30, 2005.

31.    As a direct and proximate result of the aforesaid unlawful and deliberately indifferent

6

actions of Defendants Officer Badge No. 744 and Grubbs, committed under color of law and under their authority as City of Dothan officials, Sanders, Jr. suffered grievous bodily harm and was deprived of his right to be free from punishment and to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution.

## COUNT II

### Violation of Civil Rights While Acting Under The Color of Law 42 U.S.C. § 1983 Against Defendant City

32.    The Plaintiff re-alleges and incorporates by reference the above paragraphs with the same force and effect as if fully set out in specific detail herein below.

33.    This cause of action is brought by Plaintiff, against Defendant City of Dothan, for deprivation by its agents, servants, or employees, of constitutional rights within the meaning of 42 U.S.C. § 1983.

33.    Defendants, Officer Badge No. 744 and Jail Administrator Grubbs, while acting under the color of law, as authorized agents of Defendant City of Dothan, did deliberately and indifferently withhold medical treatment from Sanders, Jr. causing a constitutional deprivation of his right to be free from punishment and to due process of law by the Fourteenth Amendment to the United States Constitution resulting in his death.

34.    Defendant City violated Sanders, Jr.'s Fourteenth amendment substantive due process right by failing to train officers to respond to medical emergencies.

35.    The constitutional deprivation was caused by Defendant City's lack of training and supervision in regards to police officers having the ability to appropriately react to medical emergencies without causing the deprivation of constitutional rights.

36.    The aforementioned actions were not isolated incidents. Defendant City has a history

7

of police actions which conclude with the death or physical injury of African-American pretrial detainees. These constitutional violations stem from an express failures of policies and/or widespread customs of Dothan police.

37. As a direct and proximate result of the above mentioned unconstitutional actions of Defendant City, Sanders, Jr. sustained severe physical injury causing pain and suffering and his eventual death.

## COUNT III

### Violation of Civil Rights While Acting Under The Color of Law 42 U.S.C. § 1983 Against Defendant John Powell in his Individual Capacity

38. The Plaintiff re-alleges and incorporates by reference the above paragraphs with the same force and effect as if fully set out in specific detail herein below.

39. This cause of action is brought by Plaintiff Eddie Ira Sanders, Sr., as personal representative for the Estate of Eddie Ira Sanders, Jr., against Defendant Powell for deprivation of constitutional rights within the meaning of 42 U.S.C. § 1983.

40. Defendant Powell violated Plaintiff's Fourteenth amendment substantive due process right by failing to train and staff officers and jail personnel with sufficient knowledge of how to respond to medical emergencies.

41. Defendant Powell is the Chief of Police for the City of Dothan and as such is responsible for the implementation and promulgation of official policies for the Department. Further, Powell is responsible for the promulgation of policies and the implementation of training to maintain an effective police force that is capable and prepared to deal with medical emergencies.

42. Defendant Powell, was deliberately indifferent to his responsibility to adequately prepare his police department to be able to arrest and detain pretrial detainees in a manner as to

8

preserve their life.

43.    As such, Powell is charged with the responsibility of ensuring the adequate training of officers that will encounter large numbers of pretrial detainees.

44.    All the above referenced failures are the responsibility of Powell who was deliberately indifferent to his responsibility to train and supervise his personnel to properly deal with pretrial detainees.

45.    As a direct and proximate result of the above mentioned unconstitutional actions of Defendant Powell, Sanders, Jr. sustained severe physical injury causing pain and suffering and his eventual death.

**COUNT IV**
**Negligent and Wanton Failure to Properly Train**
**Defendant Officer Badge Officer No. 744 and Jail Administrator Grubbs**
**Against the City and the Chief of Police**

46.    The Plaintiff re-alleges and incorporates by reference the above paragraphs with the same force and effect as if fully set out in specific detail herein below.

47.    The Defendant City of Dothan and the Chief of Police for the City of Dothan had a duty to properly train their police officers and jail personnel in the proper treatment of pretrial detainees, including those with known medical emergencies.

48.    These Defendants negligently or wantonly failed to adequately train their personnel as stated above. These Defendants consciously failed to properly train their personnel knowing that they had caused the deaths of pretrial detainees in the past. These Defendants also knew that, from failing to properly train these officers, injury would likely or probably result.

49.    This failure proximately caused great physical injury to Sanders, Jr. and led to his subsequent death.

9

## COUNT V

### Wrongful Death Against the City of Dothan, Chief of Police John Powell, Officer Badge No. 744 and Jail Administrator Mamie Grubbs

50.    The Plaintiff re-alleges and incorporates by reference the above paragraphs with the same force and effect as if fully set out in specific detail herein below.

51.    Defendant City negligently or with deliberate indifference to the safety of the public failed to meet its duties, nondelegable and otherwise, which it owed to the decedent, Sanders, Jr., in that City and/or their real and/ or apparent agents, failed to properly train City of Dothan Police Officers and Jail Personnel in a way such as to avoid the death of pretrial detainees.

52.    Defendant Powell,    as the supervisory officer responsible for the training, supervision

and retention of police officers under his charge, negligently or with deliberate indifference to the safety of the public failed to properly train City of Dothan Police Officers and Jail Personnel in the appropriate methods of arresting and detaining pretrial detainees so as not to cause their deaths.

53.    Defendant Officer Badge No. 744 acted with deliberate indifference to the medical needs of pre-trial detainee Sanders, Jr., the deceased, to the extent that he caused his wrongful death.

54.    Defendant Jail Administrator Mamie Grubbs acted with deliberate indifference to the medical needs of pre-trial detainee Sanders, Jr., the deceased, to the extent that she caused his wrongful death.

55.    As a direct and proximate result of these Defendants' actions Sanders, Jr. died on August 30, 2005 and the survivors herein have suffered damages as specifically set forth: (a) the estate of Sanders, Jr., deceased, sustained economic losses in the form of funeral bills; (b) loss of prospective net accumulations; and © loss of consortium.

10

56.    The Plaintiff, Eddie Ira Sanders, Sr., has complied with the notice provisions of Alabama Statute 11-47-192 which is a condition precedent to the filing of a state tort against the City.

## VI.    PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that this Court will assume jurisdiction of this action and, after trial, provide relief as follows:

1.    Issue a declaratory judgment that the policies, practices, procedures, conditions and customs of the Defendants violate the rights of the Plaintiff's decedent, as secured by 42 U.S.C. § 1983, the Fourteenth Amendment to the Constitution, the supplemental state laws and the violation of the Code of Alabama (1975);

2.    Grant the plaintiff a permanent injunction enjoining the defendants from continuing to violate 42 U.S.C. § 1983, the Fourteenth Amendment to the Constitution, the supplemental state laws and the violation of the Code of Alabama (1975);

3.    Issue an Order requiring the defendants to initiate and implement programs that: (a) provide training for employees on the subject of providing medical care for pretrial detainees; (b) remedy the effects of the defendants' past and present unlawful practices; and (c) eliminate the continuing effects of the practices described above;

4.    Issue an Order requiring the Defendants to make the Plaintiff whole by awarding compensatory damages and punitive damages.

5.    An award of litigation costs and expenses, including reasonable attorneys' fees under 42 U.S.C. § 1988 to the plaintiff.

6.    Such other and further relief as the Court may deem just and proper.

11

**Plaintiff demands a trial by struck jury.**

Respectfully submitted,

s/Roderick T. Cooks
Lee Winston
Roderick T. Cooks
Attorneys for the Plaintiff

**OF COUNSEL:**
WINSTON COOKS, LLC
The Penick Building
319-17th Street North
Birmingham, AL 35203
Tel:  (205)502-0970
Fax: (205)251-0231
email: rcooks@winstoncooks.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and served a copy of the foregoing instrument via electronic and/or United States Mail, properly addressed and postage prepaid to the following:

F. Lenton White, Esq.
City Attorney
City of Dothan
P. O. Box 2128
Dothan, Alabama 36302

Done this 10th day of April, 2008.

s/Roderick T. Cooks
OF COUNSEL