IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EDDIE IRA SANDERS, SR., as Administrator of the estate of EDDIE IRA SANDERS, JR., deceased, | ) ) ) ) | |
| PLAINTIFFS, | ) ) | |
| v. | ) ) | CASE NO. 1:07-CV-0008-MEF |
| CITY OF DOTHAN, JOHN POWELL in his individual and official capacity as Chief of Police for the City of Dothan, MAMIE GRUBBS individually and in her official capacity as Jail Administrator for the City of Dothan Jail and Officer Badge No. 744, individually and officially, | ) ) ) ) ) ) ) ) ) | |
| DEFENDANTS. | ) | |

## DEFENDANT JOHN POWELL'S PARTIAL MOTION TO DISMISS

Comes now the Defendant, John Powell, in the above styled cause, by and through the undersigned attorney, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves this Honorable Court to dismiss Count III of the Plaintiff's First Amended Complaint against him for failure to state a claim upon which relief may be granted, and would state as follows:

# BACKGROUND INFORMATION

Plaintiff, Eddie Ira Sanders, Sr. as administrator of the estate of Eddie Ira Sanders Jr., deceased, filed the original cause of action on January 3, 2007, and it was served on Defendant on March 26, 2007.  Defendant John Powell filed a Partial Motion to Dismiss on April 16, 2007.  On March 31, 2008, the Court granted the Motion to Dismiss the § 1983 claim against Defendant Powell.  The Court allowed the Plaintiff until April 10, 2008, to file an amended complaint that alleges it's § 1983 claim against Defendant Powell with greater specificity.  On April 10, 2008, the Plaintiff filed his First Amended Complaint.

# ARGUMENT

(A)  JURISDICTION AND VENUE

Dismissal of a complaint pursuant to Rule 12(b)(6) is appropriate if "it appears beyond a doubt that the Plaintiff can prove no set of facts that would entitle him to relief."  Broadberry v. Pinellas County, 789 F. 2d 1513, 1513 (11th Cir. 1986), Conley v. Gibson 355 U.S. 41 (1975).

(B) CHIEF JOHN POWELL

In his First Amended Complaint the Plaintiff alleges Chief Powell is liable for a Dothan police officer's alleged violation of the deceased's rights under the Fourteenth Amendment "by failing to train staff, officers and jail personnel with

sufficient knowledge of how to respond to medical emergencies." (Paragraph 40, Plaintiff's First Amended Complaint.)

The Eleventh Circuit has held that supervisor's liability under § 1983 exists either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a casual connection between the supervisor's actions and the constitutional deprivation. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

In his Amended Complaint, the Plaintiff does not allege any directive, custom, or policy implemented by Chief Powell, played a role in the death of Mr. Sanders, Jr. Neither does Plaintiff allege that Chief Powell was present during this incident; that he knew of Sanders, Jr.'s detention at the time; nor that he personally participated or directed his subordinates to act unlawfully. Braddy v. Florida Dept. of Labor and Employment, 133 F.3d 797, 802 (11th Cir. 1998).

Therefore the Plaintiff must show a causal connection between Chief Powell's actions and the alleged deprivation. This can be established in three ways (1) A history of widespread abuse which puts a reasonable supervisor on notice of the need to correct the alleged deprivation and he fails to do so. (2) When the supervisor's improper custom or policy resulted in deliberate indifference to a constitutional right. (3) When facts support an inference the supervisor directed his subordinate to act unlawfully or knew that his subordinate was acting unlawfully

3

and failed to stop them.  Gonzales v. Reno, 325 F.3d 1228, 1234-35 (11th Cir. 2003)

In paragraphs 18 through 21 of Plaintiff's First Amended Complaint, the Plaintiff argues that the Dothan Police Department was involved in the deaths of five pretrial detainees.  The First Amended Complaint makes it clear that three of the individuals died as a result of motor vehicle crashes while being pursued by the police.  None of these individuals were "pretrial detainees" in the custody of the Dothan police department.  The Plaintiff does not describe a cause of death for the two individuals described in paragraphs 18 or 20 of the First Amended Complaint nor does he allege that they were deprived of medical care by any official or employee of the City of Dothan.

The Plaintiff does allege two incidents involving pretrial detainees who were taken to the Dothan City Jail without receiving medical care.  Plaintiff alleges that on July 11, 2003, Claude Burns was taken to the jail and did not receive medical care for an injury to his arm until the next day. (Paragraph 23, First Amended Complaint).  Plaintiff also alleges that on March 17, 2002, Michael Preston and Ryan Birge were taken to the jail without receiving medical treatment. (Paragraph 24, First Amended Complaint).  The Amended Complaint does not describe the alleged injuries nor does it state whether or not these persons received medical treatment after they arrived at the jail.  The Plaintiff did not allege that these

4

alleged incidents were the result of any directive, policy or custom instituted by Chief Powell or were the result of a failure on his part to train personnel. The Plaintiff alleges that John Powell did not become the Police Chief until "sometime in 2004."[1] (Paragraph 25, First Amended Complaint). There can be no causal connection between John Powell and incidents which occurred before he became Chief of Police.

Plaintiff realizes that all these incidents occurred before John Powell became the Chief of Police. Therefore he argues the two exhibits attached to his First Amended Complaint support his theory of liability against Chief Powell. These exhibits are excerpts from depositions taken in the case of <u>Montgomery v. City of Dothan, et al</u>. Exhibit "1" is a deposition given by jail security Sergeant Charles Parker where he discusses the incident of July 11, 2003 involving Mr. Claude Burns, which Plaintiff describes in paragraph 23 of his First Amended Complaint. Plaintiff alleges "the testimony of Parker seems to indicate that the practice of not providing pretrial detainees with proper medical treatment was happening as late as 2006." A review of Sergeant Parker's testimony reveals that he testified "in the past there have been incidents where somebody would come to the jail and be injured." (Exhibit "1" p. 19, First Amended Complaint). Sergeant Parker never testifies that the detainee did not receive medical treatment once the injury was

---

[1] John Powell was employed as the Police Chief on March 15, 2005.

5

discovered nor does he testify about any incidents which occurred while John Powell has been the Chief of Police.

Exhibit "2" is a portion of the deposition given by former jail security Sergeant Sandra Montgomery. In her deposition she discusses the incident of July 11, 2003 involving Mr. Claude Burns and complains she was the only one punished (terminated) as a result of this incident. (Exhibit 2, p. 178 Amended Complaint). Ms. Montgomery did not testify that detainees were refused medical treatment when they reached the jail and the injury was discovered. Furthermore, she did not and could not testify about any incident that occurred after John Powell became the Chief of Police.

These exhibits cannot, either together or separately, establish a wide spread history of denial by police or jail personnel of adequate medical care to pretrial detainees. The Eleventh Circuit has held that "widespread abuse" entails constitutional abuse that "occur with frequency", as when "rights are systematically violated on a near-daily basis" via a "repeated pattern of unconstitutional behavior." Holloman v. Harland, 370 F.3d 1252, 1294 (11th Cir.2004)

The deprivation that constitutes widespread abuse sufficient to place the supervising official on notice must be "obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Hartley v. Parnell, 193 F.3d 1263, 1269

6

(11th Cir. 1999).  All the incidents alleged by the Plaintiff occurred before John Powell became the Chief of the Dothan Police Department.  Chief Powell is an individual to whom the qualified immunity defense is available and as such § 1983 claims against him individually are subject to a "heightened pleading requirement." Swann v. Southern Health Partners Inc, 388 F.3d 834, 838 (11th Cir. 2004).  Plaintiff has failed to allege facts sufficient to form the causal connection required to impose liability on Chief John Powell.

 WHEREFORE, the Defendant, Powell prays this Honorable Court enter an Order granting his Motion to Dismiss Count III of Plaintiff's Amended Complaint, for failure to state a claim upon which relief may be granted, and grant him attorney's fees.

 Respectfully submitted this 21st day of April, 2008.

    s/ D. Kevan Kelly
    D. Kevan Kelly (KEL025)
    Assistant City Attorney
    P.O. Box 2128
    Dothan, AL  36302
    (334) 615-3130

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of April, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Roderick T. Cooks, Esq. and Lee D. Winston.

                                                   s/ D. Kevan Kelly
                                                   Of Counsel