IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EDDIE IRA SANDERS, SR., as Administrator of the estate of EDDIE IRA SANDERS, JR., deceased, | ) ) ) ) |
| PLAINTIFFS, | ) ) ) |
| v. | ) CASE NO. 1:07-CV-0008-MEF ) |
| CITY OF DOTHAN, JOHN POWELL in his individual and official capacity as Chief of Police for the City of Dothan, MAMIE GRUBBS individually and in her official capacity as Jail Administrator for the City of Dothan Jail and Officer Badge No. 744, individually and officially, | ) ) ) ) ) ) ) ) ) |
| DEFENDANTS. | ) |

## DEFENDANT CITY OF DOTHAN'S
## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Comes now the Defendant City of Dothan in the above styled cause, by and through the undersigned attorney and answers Plaintiff's First Amended Complaint as follows:

I.  INTRODUCTION.

1. Defendant denies the deceased, Eddie Ira Sanders, Jr., sustained any damages from any act or omission of any official, agent or employee of the City of Dothan, Alabama. Defendant further denies that the deceased died as a result of

any policy or practice of the City of Dothan, the Dothan Police Department or Dothan City Jail. Defendant denies that its agents, employees or officials acted with deliberate indifference to any medical need of the deceased.

II.   JURISDICTION AND VENUE.

2. Defendant admits that Plaintiff has invoked the jurisdiction of this Court. Defendant denies that either the Constitution of the United States, any Federal, State statute, or any duty under common law was violated and denies Plaintiff is entitled to any relief herein.

3. Defendant City of Dothan admits it is located in Houston County, Alabama. Defendant denies any unlawful acts occurred during any incident made the basis of the First Amended Complaint. Defendant admits that the First Amended Complaint alleges facts claimed to have occurred in Houston County, Alabama. Defendant admits venue is proper in this Court.

4. Defendant is unaware of any remedy available to the Plaintiff.

III.   STATEMENT IDENTIFYING THE PARTIES.

5. Defendant is without information to either admit or deny authority of the Plaintiff and therefore denies said allegations. Defendant admits the Plaintiff is a citizen of the United States and a resident of Houston County, Alabama.

6. Defendant admits Eddie Sanders, Jr. was a resident of the City of Dothan and a legal resident of Alabama at the time of his death.

7. Defendant admits the City of Dothan is a political subdivision of the State of Alabama, a municipal corporation, and employed Police Chief John Powell, Jail Administrator Mamie Grubbs and a police officer with I.D. No. 744.

8., 9., 10.  Paragraphs 8, 9, and 10 are allegations against Defendants other than the City of Dothan and as such do not require a response from Defendant.  To the extent these allegations are held to pertain to this Defendant, these allegations are denied.

IV.  STATEMENT OF THE FACTS.

11.  Defendant admits that on August 24, 2005 at approximately 7:28 P.M. the decedent was driving a black Pontiac Grand-Am and was pulled over in the 100 block of North Cherry Street by Dothan police officer Badge No. 744.

12.  Defendant denies the allegations set out in paragraph 12 of the Plaintiff's First Amended Complaint.

13.  Defendant admits Mr. Sanders was handcuffed as a result of the traffic stop.  Defendant denies decedent had not presented a threat to the officer.

14.  Defendant admits Sanders Jr. ingested an unknown quantity of cocaine. Defendant denies the decedent then became unconscious and was placed in the back of a patrol car in an unconscious state.

15. Defendant admits Sanders Jr. was transported to the Dothan city jail. Defendant denies he was held there without receiving medical care. Defendant admits Sanders Jr. was transported to the Southeast Alabama Medical Center.

16. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 16 of the First Amended Complaint regarding Sanders Jr.'s state of consciousness, therefore the allegations are denied.

V.  ADDITIONAL FACTS AGAINST THE CITY OF DOTHAN.

17. Defendant is without information to either admit or deny the allegations of paragraph 17 of the First Amended Complaint came from the N.A.A.C.P. and therefore denies said allegations. The Defendant denies that the Dothan Police Department has been involved in any deaths of pretrial detainees.

18. Defendant admits that on February 7, 2003, Timothy Brooks died shortly after being apprehended by the City of Dothan Police following a foot chase.

19. Defendant admits that on April 27, 2003, Byron Johnson was on a motorcycle fleeing from police when he struck a vehicle, resulting in his death.

20. Defendant admits that on February 7, 2004, Jestaro Reynolds was fleeing from police when he lost control of his automobile resulting in his death.

21. Defendant admits that on July 15, 2004, Kevin Jones and Zachariah Jones were fleeing from police and died when the vehicle they were driving crashed into a building resulting in their deaths.

22. Defendant denies it has a history of neglecting to provide medical care for seriously injured pretrial detainees. Defendant denies the allegations regarding the testimony of Jail Security Sergeant Charles Allen Parker and former Jail Security Sergeant Sandra Montgomery. Plaintiff is paraphrasing the testimony of the officers, therefore the Defendant denies any allegations or inference the Plaintiff alleges in the testimony.

23. Defendant admits on July 11, 2003 Claude Burns was taken to the Dothan City jail with a preexisting wound to his arm. Defendant admits Claude Burns was detained several hours in the City jail before he was transported to a local hospital for treatment. Defendant denies Mr. Burns suffered heavy bleeding from the wound or that the wound to Mr. Burns arm was still bloody when he was transported for treatment.

24. Defendant admits that on March 17, 2002 Michael Preston and Ryan Birge were taken to the Dothan City jail with injuries. Defendant denies the detainees should have been immediately taken to a hospital but were not.

25. Defendant denies the allegations contained in paragraph 25 of Plaintiff's First Amended Complaint.

VI. CAUSE OF ACTION.

## COUNT I

26. Defendant incorporates by reference its responses to paragraphs 1-25 of Plaintiff's First Amended Complaint as if fully and completely set out.

27. Paragraphs 27-31 are allegations against Defendant Mamie Grubbs and Officer Badge No. 744 and as such do not pertain to this Defendant. To the extent any allegations are held to pertain to this Defendant, these allegations are denied.

## COUNT II

32. Defendant incorporates by reference its responses to paragraphs 1-31 of Plaintiff's First Amended Complaint as if fully and completely set out.

33. Paragraph 33 does not appear to require an affirmative response from this Defendant. To the extent an answer is required the Defendant denies its agents, servants or employees violated Sanders Jr.'s constitutional rights within the meaning of 42 U.S.C. § 1983.

(sic) 33. Paragraph 34 contains allegations against Mamie Grubbs and Officer Badge No. 744 and as such do not pertain to this Defendant. To the extent any allegations are held to pertain to this Defendant, these allegations are denied.

34. Defendant denies it violated Sanders, Jr.'s Fourteenth Amendment substantive due process right. Defendant denies that they failed to train their

officers to respond to medical emergencies as alleged in paragraph 34 of Plaintiff's First Amended Complaint.

35. Defendant denies Sanders, Jr. suffered a constitutional violation. Defendant denies that they failed to train or supervise their police officers regarding medical emergencies.

36. Defendant denies the City of Dothan has a history of police actions concluding with the death or physical injury of African-American pretrial detainees. Defendant denies that decedent suffered a constitutional violation as a result of the policies and/or customs of the Dothan Police Department.

37. Defendant denies the allegations contained in paragraph 37 of Plaintiff's First Amended Complaint.

## COUNT III

38. Defendant incorporates by reference its responses to paragraphs 1-37 of Plaintiff's First Amended Complaint as if fully and completely set out.

39. Paragraphs 39-45 are allegations against Defendant John Powell and as such do not pertain to this Defendant. To the extent any allegations are held to pertain to this Defendant, those allegations are denied.

## COUNT IV

46. Defendant incorporates by reference its responses to paragraphs 1-45 of Plaintiff's First Amended Complaint as if fully and completely set out.

47. Defendant admits it has a duty to train police officers and jail personnel in the proper treatment of detainees and prisoners with known medical conditions.

48. Defendant denies the allegations contained in paragraph 48 of Plaintiff's First Amended Complaint.

49. Defendant denies the allegations contained in paragraph 49 of Plaintiff's First Amended Complaint.

## COUNT V

50. Defendant incorporates by reference its response to paragraphs 1-49 of the Plaintiff's First Amended Complaint as if fully and completely set out.

51. Defendant denies the allegations contained in paragraph 51 of Plaintiff's First Amended Complaint.

52. Defendant denies the allegations contained in paragraph 52 of Plaintiff's First Amended Complaint.

53. Defendant denies the allegations contained in paragraph 53 of Plaintiff's First Amended Complaint.

54. Defendant denies the allegations contained in paragraph 54 of Plaintiff's First Amended Complaint.

55.  Defendant denies the actions of the Defendant in any way caused or contributed to the death of Sanders Jr. or to any loss to his estate.

56.  Defendant admits the allegations of paragraph 56 of Plaintiff's First Amended Complaint.

## VI  PRAYER FOR RELIEF

(1)  The remainder of the First Amended Complaint is a prayer for relief which requires neither admission or denial by this Defendant.  To the extent that it is construed to allege some wrongful or unlawful act, said construction is denied.  Defendant further denies that Plaintiff is entitled to any relief herein.

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted against Defendant.

### Second Defense

Plaintiff's First Amended Complaint is barred by collateral estoppel and unclean hands.

### Third Defense

Plaintiff's First Amended Complaint or portions thereof, are barred by absolute immunity.

### Fourth Defense

Plaintiff's First Amended Complaint or portions thereof are barred by discretionary function immunity under § 6-5-338 Alabama Code (1975).

### Fifth Defense

Defendant pleads it is entitled to substantive immunity.

### Sixth Defense

Plaintiff cannot claim or recover punitive damages pursuant to § 1983, the Fourteenth Amendment or any other state or federal law.

### Seventh Defense

Any award of punitive damages would be a violation of federal law, the Constitution.

### Eighth Defense

Defendant asserts the affirmative defense of contributory negligence.

### Ninth Defense

Defendant pleads that no policy or custom was the moving force behind any constitutional violation in this case.

### Tenth Defense

Defendant pleads that no act of the Defendant was the moving force behind any alleged constitutional violation in this case.

### Eleventh Defense

Defendant pleads that it was not deliberately indifferent to Mr. Sanders' constitutional rights.

### Twelfth Defense

Defendant pleads the affirmative defense of an intervening or superseding cause.

### Thirteenth Defense

Defendant pleads the affirmative defense of assumption of the risk.

### Fourteenth Defense

Defendant pleads the affirmative defense of statute § 6-11-26 Alabama Code (1975).

### Fifteenth Defense

Defendant pleads that damages for State law claims are limited by statute § 11-47-190 Ala. Code (1975).

### Prayer for Relief

Wherefore, having fully answered the Plaintiff's First Amended Complaint, Defendant requests the Plaintiff's First Amended Complaint be dismissed with prejudice; that judgment be entered for Defendant and that Defendant be awarded its attorney's fees here, plus such general and equitable relief as this Court deems just and appropriate.

## Notice of Intent to Pursue Attorney's Fees

Defendant asserts that this action is groundless, frivolous, unreasonable and/or without foundation and brought in bad faith and Defendant intends to pursue attorney's fees against the Plaintiff.

Respectfully submitted this 21st day of April, 2008.

        s/ D. Kevan Kelly
        D. Kevan Kelly (KEL025)
        Assistant City Attorney
        P.O. Box 2128
        Dothan, AL  36302
        (334) 615-3130

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of April, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Roderick T. Cooks, Esq. and Lee D. Winston.

        s/ D. Kevan Kelly
        Of Counsel