IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EDDIE IRA SANDERS, SR., as Administrator of the estate of EDDIE IRA SANDERS, JR., deceased, | ) ) ) ) |
| PLAINTIFFS, | ) ) ) |
| v. | ) CASE NO. 1:07-CV-0008-MEF ) |
| CITY OF DOTHAN, JOHN POWELL in his individual and official capacity as Chief of Police for the City of Dothan, MAMIE GRUBBS individually and in her official capacity as Jail Administrator for the City of Dothan Jail and Officer Badge No. 744, individually and officially, | ) ) ) ) ) ) ) ) ) |
| DEFENDANTS. | ) |

## DEFENDANT MAMIE GRUBBS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Comes now the Defendant Mamie Grubbs in the above styled cause, by and through the undersigned attorney and answers Plaintiff's First Amended Complaint as follows:

I.  INTRODUCTION

1. Defendant denies the deceased, Eddie Ira Sanders, Jr. sustained any damages from any act or omission of hers or any official, agent or employee of the City of Dothan, Alabama. Defendant further denies that the deceased died as a

result of any policy or practice of either the Dothan Police Department or Dothan City Jail and also denies she acted with deliberate indifference to any medical need of the deceased.

II.   JURISDICTION AND VENUE

2.  Defendant admits that Plaintiff has invoked the jurisdiction of this Court. Defendant denies that either the Constitution of the United States, any federal or state statute or any duty under common law was violated and denies Plaintiff is entitled to any relief herein.

3.  Defendant admits that Defendant City of Dothan is located in Houston County, Alabama.  Defendant denies any unlawful acts occurred during any incident made the basis of the First Amended Complaint.  Defendant admits that the First Amended Complaint alleges facts claimed to have occurred in Houston County, Alabama.  Defendant admits venue is proper in this Court.

4.  Defendant is unaware of any remedy available to the Plaintiff.

III.   STATEMENT IDENTIFYING THE PARTIES

5.  Defendant is without information to either admit or deny authority of the Plaintiff and therefore denies said allegations.  Defendant admits the Plaintiff is a citizen of the United States and a resident of Houston County, Alabama.

6. Defendant admits Eddie Sanders, Jr. was a resident of the City of Dothan and a legal resident of Alabama at the time of his death.

7. Paragraphs 7, 8 and 9 are allegations against Defendants other than Mamie Grubbs and as such do not require responses from this Defendant. To the extent these allegations are held to pertain to this Defendant, those allegations are denied.

10. Defendant denies the actions described in Plaintiff's First Amended Complaint. Defendant admits that on August 24, 2005 she was employed by the City of Dothan as a jail administrator. Defendant admits Plaintiff's First Amended Complaint names her as a Defendant in her individual capacity.

IV. STATEMENT OF THE FACTS

11. Defendant is without information to either admit or deny the allegations contained in paragraph 11 of Plaintiff's First Amended Complaint and therefore denies said allegations.

12. Defendant is without information to either admit or deny the allegations contained in paragraph 12 of Plaintiff's First Amended Complaint and therefore denies said allegations.

13. Defendant is without information to either admit or deny the allegations contained in paragraph 13 of Plaintiff's First Amended Complaint and therefore denies said allegations.

14. Defendant is without information to either admit or deny the allegations contained in paragraph 14 of Plaintiff's First Amended Complaint and therefore denies said allegations.

15. Defendant is without information to either admit or deny that Mr. Sanders was transported to the Dothan City Jail in an unconscious state and therefore denies said allegation.  Defendant further denies he was received by, was booked into or ever placed in a cell or holding area inside the Dothan City Jail.  Defendant is without information to admit or deny the time Mr. Sanders was transported to the hospital or in what state of consciousness.

16. Defendant is without information to either admit or deny either whether Mr. Sanders ever regained consciousness or his date of death.

V. ADDITIONAL FACTS AGAINST THE CITY.

17. Defendant is without information to either admit or deny that the allegations of paragraph 17 of Plaintiff's First Amended Complaint came from the N.A.A.C.P.  The Defendant denies that the Dothan Police Department has been involved in any deaths of pre-trial detainees.

18. Defendant is without information to either admit or deny the allegations of paragraph 18 of Plaintiff's First Amended Complaint that on February 7, 2003, Timothy Brooks died shortly after being apprehended by the City of Dothan Police following a three-block foot chase.

19. Defendant is without information to either admit or deny the allegations of paragraph 19 of Plaintiff's First Amended Complaint that on April 27, 2003,

Byron Johnson was killed after a short police chase with City of Dothan police officers in which the motorcycle he was driving crashed into another vehicle.

20. Defendant is without information to either admit or deny the allegations of paragraph 20 of Plaintiff's First Amended Complaint that on February 7, 2004, Jestaro Reynolds was killed after eluding City of Dothan police officers for a short distance.

21. Defendant is without information to either admit or deny the allegations of paragraph 21 of Plaintiff's First Amended Complaint that on July 17, 2004, Kevin Jones and Zacharia Jones, were killed when the vehicle they were driving crashed into a building after being chased by City of Dothan Police officers.

22. Defendant denies the City of Dothan has a history of neglecting to provide medical care for seriously injured pretrial detainees. Defendant denies the allegations regarding the testimony of Sergeant Charles Allen Parker and former jail Security Sergeant Sandra Montgomery.

23. Defendant admits Mr. Burns was housed overnight in the city jail with a wound to his arm and received medical treatment for it at a local hospital. Defendant denies that the wound to Mr. Burns' arm was still bleeding when he was transported for treatment.

24. Defendant is without information to admit or deny the allegations contained in paragraph 24 of Plaintiff's First Amended Complaint, therefore it is denied.

25. Defendant denies the allegations contained in paragraph 25 of Plaintiff's First Amended Complaint.

## COUNT I

26. Defendant incorporates by reference her responses to paragraphs 1-25 of Plaintiff's First Amended Complaint as if fully and completely set out.

27. Defendant is without information to admit or deny that at the time of his arrest Sanders, Jr., the decedent was rendered visibly unconscious after ingesting cocaine and therefore denies the allegation of paragraph 27 of Plaintiff's First Amended Complaint.

28. Defendant denies any City of Dothan Police Officer transported Mr. Sanders to the Dothan City Jail and into her custody.

29. Defendant denies the allegations in paragraph 29 of Plaintiff's First Amended Complaint.

30. See Defendants above responses to the allegations contained in paragraphs 15 and 16 of Plaintiff's First Amended Complaint.

31. Defendant denies committing any act of deliberate indifference to Mr. Sanders. Defendant further denies Mr. Sanders suffered any harm or deprivation of right resulting from her actions.

**COUNT II**

32. Paragraphs 32-37 are allegations against the City of Dothan and as such do not pertain to this Defendant. To the extent any allegations are held to pertain to this Defendant, those allegations are denied.

**COUNT III**

38. Paragraphs 38-45 are allegations against Defendant John Powell and as such do not pertain to this Defendant. To the extent any of these allegations are held to pertain to this Defendant, those allegations are denied.

**COUNT IV**

46. Paragraphs 46-49 are allegations against Defendants other than Mamie Grubbs and therefore do not pertain to Mamie Grubbs. To the extent any of these allegations are held to pertain to this Defendant, those allegations are denied.

**COUNT V**

50. Defendant Grubbs incorporates by reference her responses to paragraphs 1-49 of Plaintiff's First Amended Complaint as if fully and completely set out.

51. Defendant denies the allegations contained in paragraph 51 of Plaintiff's First Amended Complaint.

52. Defendant denies the allegations contained in paragraph 52 of Plaintiff's First Amended Complaint.

53. Defendant denies the allegations contained in paragraph 53 of Plaintiff's First Amended Complaint.

54. Defendant denies the allegations contained in paragraph 54 of Plaintiff's First Amended Complaint.

55. Defendant denies any actions of the Defendants in any way caused or contributed to the death of Mr. Sanders or to any loss to his estate.

56. Defendant admits the allegations of paragraph 56 of Plaintiff's First Amended Complaint.

## VI. PRAYER FOR RELIEF

1. The remainder of the First Amended Complaint is a prayer for Relief which requires neither admission or denial by this Defendant. To the extent that it is construed to allege some wrongful or unlawful act, said construction is denied. Defendant further denies that Plaintiff is entitled to any relief herein.

## **AFFIRMATIVE DEFENSES**

### FIRST DEFENSE

Plaintiff's First Amended Complaint fails to state a claim on which relief can be granted against Defendant.

### SECOND DEFENSE

Plaintiff's First Amended Complaint is barred by collateral estoppel and unclean hands.

### THIRD DEFENSE

Plaintiff's First Amended Complaint or portions thereof, are barred by absolute immunity.

### FOURTH DEFENSE

Plaintiff's First Amended Complaint or portions thereof are barred by qualified immunity.

### FIFTH DEFENSE

Plaintiff's First Amended Complaint or portions thereof are barred by good faith immunity.

### SIXTH DEFENSE

Plaintiff's First Amended Complaint or portions thereof are barred by discretionary immunity.

## SEVENTH DEFENSE

Defendant pleads she is entitled to substantive immunity.

## EIGTHTH DEFENSE

Plaintiff cannot claim or recover punitive damages pursuant to §1983, the Fourteenth Amendment or any other state or federal law.

## NINTH DEFENSE

Any award of punitive damages would be violative of federal law, the Constitution of the United States and the Constitution of Alabama.

## TENTH DEFENSE

Defendant asserts the affirmative defense of contributory negligence.

## ELEVENTH DEFENSE

Defendant pleads that no policy or custom was the moving force behind any constitutional violation in this case.

## TWELFTH DEFENSE

Defendant pleads that no act of the Defendant was the moving force behind any alleged constitutional violation in this case.

## THIRTEENTH DEFENSE

Defendant pleads she was not deliberately indifferent to Mr. Sanders' Constitutional rights.

## FOURTEENTH DEFENSE

Defendant pleads the affirmative defense of an intervening or superseding cause.

## FIFTEENTH DEFENSE

Defendant pleads the affirmative defense of assumption of the risk.

## **PRAYER FOR RELIEF**

Wherefore, having fully answered the First Amended Complaint, Defendant requests the First Amended Complaint be dismissed with prejudice; that judgment be entered for Defendant and that Defendant be awarded her attorney's fees herein plus such other general and equitable relief as this Court deems just and appropriate.

## **NOTICE OF INTENT TO PURSUE ATTORNEY'S FEES**

Defendant asserts that this action is groundless, frivolous, unreasonable, and/or without foundation and brought in bad faith and Defendant intends to pursue attorney's fees against the Plaintiff.

Respectfully submitted this 21st day of April, 2007.

        s/ D. Kevan Kelly
        D. Kevan Kelly (KEL025)
        Assistant City Attorney
        P.O. Box 2128
        Dothan, AL  36302
        (334) 615-3130

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of April, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Roderick T. Cooks, Esq. and Lee D. Winston.

        s/ D. Kevan Kelly
        Of Counsel