IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **EDDIE IRA SANDERS, SR.**, as Administrator of the estate of **EDDIE IRA SANDERS, JR.**, deceased,<br><br>  Plaintiffs<br>v.<br><br>**CITY OF DOTHAN, JOHN POWELL** in his individual and official capacity as Chief of Police for the City of Dothan, **MAMIE GRUBBS** individually and in her official capacity as Jail Administrator for the City of Dothan Jail and Officer Badge No. 744, individually and officially,<br><br>  Defendants. | Civil Action No.:<br>1:07-CV-00008 (MEF) |

**PLAINTIFF'S RESPONSE TO
JOHN POWELL'S RENEWED MOTION TO DISMISS**

Comes now the Plaintiff, Eddie Ira Sanders, Sr., in the above styled case and responds to John Powell's Renewed Motion to Dismiss as follows:

**I.     Introduction**

Plaintiff Eddie Ira Sanders, Sr. (Plaintiff), as administrator of the estate of Eddie Ira Sanders, Jr., deceased, filed the above styled cause of action on January 3, 2007 alleging that the City of Dothan, Chief of Police John Powell, City of Dothan Jail Administrator Mamie Grubbs and Officer Badge No. 744 acted with deliberate indifference to the medical needs of pre-trial detainee Eddie Ira Sanders, Jr., who died after being placed into custody.

Plaintiff further alleged that Defendant Powell, as the supervisory officer responsible for the training, supervision and retention of police officers under his charge, failed to properly train police officers in the appropriate methods of arresting and detaining citizens with whom they may come

into contact. Plaintiff also alleges that Defendant City of Dothan, as the ultimate policy maker for the City of Dothan Police Department, failed in this regard as well. (See Compl. ¶1).

On April 16, 2007 Defendant Powell filed a Partial Motion to Dismiss Counts II and III of Plaintiff's Complaint against him for failure to state claim upon which relief may be granted. On March 31, 2008, the Court granted Defendant Powell's Motion to Dismiss Count III without prejudice and gave the Plaintiff until April 10, 2008 to file an Amended Complaint that alleged its § 1983 claim against Defendant Powell with greater specificity. On April 10, 2008, the Plaintiff filed Plaintiff's First Amended Complaint setting forth additional facts with regard to Chief Powell. Defendant Powell filed a renewed 12(b)(6) Motion to Dismiss on April 21, 2008. The Court then ordered the Plaintiff to file any pleading in opposition to the Chief's motion on or before May 7, 2008.

## II.    Standard of Review

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. *Murphy v. Franklin,* 2007 WL 2381991, p. 5 (M.D. Ala.) (quoting *Scheur v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)). Thus, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007). In *Erickson,* a prisoner filed a civil rights complaint under 42 U.S.C. § 1983 alleging that his Eighth Amendment rights had been violated. *Erickson,* at 2198. In addressing the sufficiency of the plaintiff's complaint the Court reaffirmed its holding in *Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506, 508, n.1 (2002), which was that all that is required "in a complaint is a short and plain statement of the claim showing that the pleader is entitled to relief.

. . specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Id. Based on this standard the Court held that the plaintiff's § 1983 complaint satisfied Federal Rule of Civil Procedure 8(a)(2).

### III.     Defendant Chief John Powell

Defendant Powell argues in his renewed Motion to Dismiss that the additional facts as alleged by Plaintiff in Plaintiff's First Amended Complaint do not change the outcome of the Court's original ruling, however, these facts do support the denial of Defendant Powell's motion. In his amended complaint, Plaintiff alleged three separate incidents where pre-trial detainees were brought to the City of Dothan jail when they should have been taken directly to a medical facility for treatment for injuries. (See Para. 22-24). According to Defendant Powell, there is no causal link between himself and these alleged incidents because they occurred before he became Chief of Police. However, a police supervisor can be held liable pursuant to §1983 for past culpable conduct of his subordinates if he has knowledge of such conduct and fails to take action to prevent its reccurrence. *cf. Chestnut v. City of Quincy,* 513 F.2d 91, 92 (5th Cir.1975) (reasoning that a police supervisor who had notice of past conduct of subordinates and failed to prevent recurrence of such misconduct states section 1983 claim for personal liability); *Sims v. C.L. Adams, III, et al.,* 537 F.2d 829, 832 (5th Cir. 1976); *Rolle v. Brevard County, Florida,* 2007 WL 328682, p. 7 (M.D. Fla.).

In the instant case, Defendant Powell does not aver that he lacked knowledge of practice of taking injured pre-trial detainees to jail instead of to the hospital, rather his defense is that he wasn't the Chief when these incidents happened. What Defendant Powell misses in his analysis is that §1983 liability may still attach even if he wasn't the chief if a causal link can be established between the past culpable conduct and the recurrence of such conduct going forward. Furthermore, it is

difficult to imagine that a police chief would not be briefed on past and present safety issues and policy violations within his department. Moreover, the Plaintiff should be allowed to develop facts as to breadth of Defendant Powell's knowledge of the outright denial or delay, past and present, of medical treatment to pre-trial detainees. *Holland v. Connors,* 491 F.2d 539, 541 (5th Cir. 1974) (the former Fifth Circuit vacated and remanded for factual development the district court's dismissal of a prisoner's section 1983 claim).

### IV.    Conclusion

Based on the foregoing facts and citations of authority, Defendant John Powell's Motion to Dismiss is due to be denied in its entirety.

>                                Respectfully submitted,
>
>                                s/Roderick T. Cooks
>                                Roderick T. Cooks, ASB 5819 078R

**OF COUNSEL:**
WINSTON COOKS, LLC
The Penick Building
319-17th Street North
Birmingham, AL 35203
Tel: (205)502-0970
Fax: (205)251-0231
email: rcooks@winstoncooks.com

**CERTIFICATE OF SERVICE**

      I hereby certify that I have this day **electronically** filed the foregoing with the Clerk of the Court using the CM/ECF system which will electronically send notification of such filing to the individuals listed below:

F. Lenton White, Esq.
D. Kevan Kelly
City Attorneys for the City of Dothan
P. O. Box 2128
Dothan, Alabama 36302

      Done this 7th day of May, 2008.

                                  s/Roderick T. Cooks
                                  OF COUNSEL