IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EDDIE IRA SANDERS, SR., as Administrator of the estate of EDDIE IRA SANDERS, JR., deceased, ) ) ) ) | |
| PLAINTIFFS, ) ) | |
| v. ) ) | CASE NO. 1:07-CV-0008-MEF |
| CITY OF DOTHAN, JOHN POWELL in his individual and official capacity as Chief of Police for the City of Dothan, MAMIE GRUBBS individually and in her official capacity as Jail Administrator for the City of Dothan Jail and Officer Badge No. 744, individually and officially, ) ) ) ) ) ) ) ) ) ) | |
| DEFENDANTS. ) | |

### DEFENDANT JOHN POWELL'S REPLY TO PLAINTIFF'S RESPONSE TO JOHN POWELL'S RENEWED MOTION TO DISMISS

Comes now the Defendant, John Powell, in the above styled cause, by and through the undersigned attorney, and for reply to Plaintiff's Response to John Powell's Renewed Motion to Dismiss states as follows:

The Plaintiff contends all that is required in a complaint is a short plain statement of the claim showing the pleader is entitled to relief. (Doc. 39, p. 2). This would normally be true, however, the Plaintiff has sued the Defendant, John

Powell, in his individual capacity thus making available the defense of qualified immunity. In this case the claim is subject to a heightened pleading standard. Swann v. Southern Health Partner, Inc., 388 F.3d 834, 838 (11th Cir. 2004).

In Count III of the Plaintiff's First Amended Complaint, the Plaintiff has sued Defendant Powell for his failure to train and staff officers and jail personnel with sufficient knowledge on how to respond to medical emergencies. (Doc. 32, ¶40). To support his claim the Plaintiff must set forth facts sufficient to establish a history of widespread abuse which put the supervisor on notice of a need to correct a deprivation, and that he failed to do so. The deprivation must be obvious, flagrant, rampant, and of continued duration, rather than an isolated occurrence. Brady v. Florida Dept. of Labor and Employment Security, 133 F.3d 797, 802 (11th Cir. 1998). The Plaintiff alleges three incidents involving pretrial detainees being denied medical care, two of which occurred on the same day. (Doc. 32, ¶23, 24).

The first alleged incident occurred on March 17, 2002, involving two individuals who were brought to the jail without first being taken to the hospital. The pleadings do not describe the type or severity of the injuries or if they were taken to the hospital after they arrived at the jail. (Doc. 32, ¶23). The Plaintiff also contends an incident occurred on July 11, 2003, involving Claude Burns who received delayed medical treatment at the jail. (Doc. 32, ¶23). In his complaint the Plaintiff establishes that the responsible supervisor of the Dothan Police

Department at the time of Mr. Burn's arrest took action regarding the incident and terminated Jail Security Sergeant Sandra Montgomery's employment. (Doc 32, Ex. 2, p. 178). Defendant Powell contends that these allegations do not establish a causal connection sufficient to sustain a Section 1983 action against him in his individual capacity. This is especially true in light of the Plaintiff's admission that Powell was not the Chief of Police when these incidents occurred and was not even employed by the City of Dothan. (Doc 32, ¶25).

In his response to the Defendant's Motion to Dismiss, the Plaintiff does not cite any legal authority that directly supports his theory that a causal connection exists sufficient to sustain a Section 1983 claim against Powell based on incidents that occurred years before he became the Chief of Police. The Plaintiff does cite three cases as sufficiently analogous to lend support to his theory of liability. However, none of the cases hold that a Plaintiff may impose liability on a supervisor based on events which occurred before he was employed. In fact Chestnut v. City of Quincy, 513 F.2d 91 (5th Cir. 1975) held that the police chief's non-action regarding an incident which occurred years before he became police chief was insufficient to support the plaintiff's theory of liability

It is significant that the Plaintiff's response to Defendant's Motion to Dismiss was not forthcoming with any assertion of facts whatsoever which would indicate Defendant Powell had knowledge of the prior events involving pretrial

detainees or that there had ever been any similar incidents since Powell has been the Chief of Police. These isolated incidents, which occurred before Defendant Powell became the Chief of Police, are insufficient to plausibly support a finding of widespread abuse sufficient to put Powell on notice of a need to take corrective action.

These omissions are compounded by the fact that the Plaintiff did not avail himself of the opportunity afforded by the Court's order of April 23, 2008, allowing the Plaintiff to submit evidentiary material to support his theory of liability. The Plaintiff obviously has access to depositions taken in former Jail Security Sergeant Sandra Montgomery's case and the best evidence he could offer was that Jail Security Sergeant Parker's testimony "seems to indicate that the practice of not providing pretrial detainees proper medical treatment was happening as late as 2006." Sergeant Parker testified that incidents had occurred in the past. He never said they continued to happen or that there were any incidents after Powell became the Chief of Police. Furthermore, the Plaintiff's Response lacks legal authority to support his theory that Defendant Powell is subject to liability based on events that took place years before he was employed as the Chief of Police for the City of Dothan.

The Plaintiff's complaint fails to allege facts sufficient to maintain Count III of the First Amended Complaint and therefore Count III should be dismissed.

WHEREFORE, Defendant Powell prays this Honorable Court will enter an Order granting his Motion to Dismiss Count III of Plaintiff's Amended Complaint, for failure to state a claim upon which relief may be granted, and grant him attorney's fees.

Respectfully submitted this 14th day of May, 2008.

s/ D. Kevan Kelly
D. Kevan Kelly (KEL025)
Assistant City Attorney
P.O. Box 2128
Dothan, AL  36302
(334) 615-3130

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of May, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Roderick T. Cooks, Esq. and Lee D. Winston.

s/ D. Kevan Kelly
Of Counsel
