IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EDDIE IRA SANDERS, SR., as administrator of the estate of EDDIE IRA SANDERS, JR., deceased, | ) ) ) ) | |
| PLAINTIFF, | ) ) | |
| v. | ) ) | CASE NO. 1:07-cv-0008-MEF |
| CITY OF DOTHAN, JOHN POWELL in his individual and official capacity as Chief of Police for the City of Dothan, MAMIE GRUBBS individually and in her official capacity as Jail Administrator for the City of Dothan Jail, and Officer Badge No. 774, individually and officially, | ) ) ) ) ) ) ) ) | (WO) |
| DEFENDANTS. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff brought this case against the City of Dothan, its chief of police, its jail administrator, and a police officer on behalf of a man who died because the police allegedly arrested and jailed him without needed medical attention. This Court previously dismissed without prejudice a claim against the chief of police and granted Plaintiff leave to amend the complaint. (Doc. # 31.) Following the amendment, the chief of police in Defendant John Powell's Partial Motion to Dismiss again moved this Court to dismiss Count III of Plaintiff's Amended Complaint. (Doc. # 35.) That motion is now under submission and ready for a ruling. For the reasons set forth in this Memorandum Opinion and Order, the motion is due to be GRANTED.

-1-

**JURISDICTION AND VENUE**

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1346(a)(4), and 1367. Defendants have not argued that the Court lacks personal jurisdiction over them, and there is no dispute that venue is proper pursuant to 28 U.S.C. § 1391(b).

**FACTUAL AND PROCEDURAL HISTORY**

The following factual account is taken from the allegations in the Amended Complaint, as it must be for the purposes of this motion.[2] At approximately 7:28 p.m. on August 24, 2005, City of Dothan Police Officer Badge No. 744 ("the officer") ordered the decedent, Eddie Ira Sanders, Jr. ("Sanders"), to pull over the car he was driving. Sanders complied with the order without incident, but at some time during the stop and subsequent arrest he ingested an unknown quantity of cocaine. Sanders became unconscious before the officer placed him in the back of the police car, but it is unknown whether the officer knew Sanders ingested the drugs. The officer took Sanders to the City of Dothan Police Jail, where

---

[2] Plaintiff attached two deposition excerpts to the Motion to Dismiss. (Doc. # 32 Exs. 1, 2.) Motions to dismiss test the sufficiency of the pleadings, and the court is not permitted to consider external evidence. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). Federal Rule of Civil Procedure 12(d) requires that, where matters outside of the pleadings are presented and not excluded by the court, the court must treat the motion as one for summary judgment. Here, the Amended Complaint incorporates the substance of the exhibits in the light most favorable to the Plaintiff. (Doc. # 32 ¶¶ 22, 25.) Therefore, the Court has exercised its discretion to exclude the deposition excerpts as matters outside the pleadings, *see* Fed. R. Civ. P. 12(d), and proceed to rule on the motion as one to dismiss. Powell's arguments based on the substance of the excerpts have likewise been disregarded to the extent they concern matters outside the pleadings. (Doc. # 35 at 5-6.)

he was held without medical treatment until approximately 8:30 p.m. He was then transported to the Southeast Alabama Medical Center. Sanders never regained consciousness and died on August 30, 2005.

On January 3, 2007, Plaintiff Eddie Ira Sanders, Sr. ("Plaintiff"), as administrator of the estate of Sanders, filed this suit against the City of Dothan ("the City"), City of Dothan Police Chief John Powell ("Powell"), City of Dothan Jail Administrator Mamie Grubbs, and Officer Badge No. 744 ("the officer"). (Doc. #1.) On April 16, 2007, the City and Powell filed a motion to dismiss Counts II and III of the Complaint, which alleged violations of 42 U.S.C. § 1983 against the City and Powell, respectively. (Doc. # 16.) After considering that motion, Plaintiff's response (Doc. # 21) and Defendants' reply (Doc. # 22), this Court dismissed without prejudice Count III and granted Plaintiff leave to amend his complaint to allege the § 1983 claim against Powell with greater specificity, as is required when the Defendant is an individual to whom the qualified immunity defense is available. (Doc. # 31.) Plaintiff amended the Complaint to allege the following facts regarding the causal connection between the actions of Powell and the alleged deprivation of Sanders's Fourteenth Amendment rights:

The City of Dothan Police Department has been involved in the deaths of five pretrial detainees since 2003. On February 7, 2003, Timothy Brooks died shortly after being chased and apprehended by City of Dothan police officers. On April 27, 2003, Byron Johnson was killed after a short police chase with City of Dothan police officers during which the

motorcycle he was driving crashed into another vehicle. On February 7, 2004, Jestaro Reynolds was killed after eluding City of Dothan police officers for a short distance, and on July 17, 2004, Kevin Jones and Zacharia Jones were killed when they were chased by City of Dothan police officers and crashed their vehicle into a building.

According to the Amended Complaint, the City of Dothan has a history of neglecting to provide medical care for seriously injured pretrial detainees. The practice of not providing pretrial detainees proper medical treatment was ongoing and uncorrected as recently as 2006.[3] On more than one occasion police brought injured inmates to the jail when they were supposed to transport them to the hospital for medical treatment. For example, on July 11, 2003, pretrial detainee Claude Burns ("Burns") was transported to the City of Dothan Jail with a stab wound to one of his arms. Burns was placed in the custody of jail personnel who moved him into a cell where he continued to suffer heavy bleeding from his wound (the bandage covering his wound was soaked through with blood). He was transported to the hospital the next day. Other pretrial detainees received delayed medical attention. On March 17, 2002, Michael Preston ("Preston") and Ryan Birge ("Birge") were remitted to the custody of the Dothan City Jail even though they were suffering from injuries and should have been immediately taken to the hospital.[4]

On April 21, 2008, Powell again filed a Partial Motion to Dismiss, arguing that the

---

[3] Powell was first employed as police chief on March 15, 2005. (Doc. # 35 5.)

[4] Plaintiff does not allege the nature of the injuries to Preston or Birge.

above-detailed factual account fails to remedy the infirmities cited by this Court in its earlier Memorandum Opinion and Order. (Doc. # 31.) He therefore seeks dismissal of Count III of the Amended Complaint, which asserts that Powell, in his individual capacity, violated 42 U.S.C. § 1983 by depriving Sanders of his substantive due process rights under the Fourteenth Amendment to the United States Constitution. (Doc. # 32 ¶¶ 38-45.)

## LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. Therefore, for the purposes of adjudging a Rule 12(b)(6) motion to dismiss, the court will accept as true all well-pleaded factual allegations and view them in the light most favorable to the plaintiff. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007); *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). While Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," as a general matter, to survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).[5] Plaintiff's "[f]actual allegations must be enough to raise a right to relief above a

---

[5] Powell relies in the Motion to Dismiss on an outdated articulation of the applicable legal standard, citing *Broadberry v. Pinnellas County*, 789 F.2d 1513, 1513 (11th Cir. 1986), and *Conley v. Gibson*, 355 U.S. 41 (1975), for the proposition that "Dismissal of a complaint pursuant to Rule 12(b)(6) is appropriate if 'it appears beyond a doubt that the Plaintiff can prove no set of facts that would entitle him to relief.'" (Doc. # 35 2.) In fact, the Supreme Court in *Twombly* retired this standard, saying it "is best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 127 S. Ct. at 1960; *see also Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 974 n.3 (11th Cir. 2008).

speculative level on the assumption that the allegations in the complaint are true." *Id.* at 1965. It is not sufficient that the pleadings merely "[l]eave open the possibility that the plaintiff might later establish some set of undisclosed facts to support recovery." *Id.* at 1968 (internal quotation and alteration omitted).

Section 1983 claims, however, are subject to a heightened pleading standard when the defendant is an individual to whom the qualified immunity defense is available. *Swann v. Southern Health Partners, Inc.*, 388 F.3d 834, 838 (11th Cir. 2004). The heightened pleading requirement is necessary so that the Court can determine whether a defendant's actions violated a clearly established right. *See GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1367 (11th Cir. 1998). The Eleventh Circuit has recently reaffirmed the validity of the heightened pleading requirement, noting that "[u]nder the heightened pleading requirement, the relevant facts must be alleged 'with some specificity.'" *Danley v. Allen*, No. 07-12328, 2008 WL 3874672, at *11 (11th Cir. Aug. 22, 2008) (citing *Gonzalez v. Reno*, 325

---

Plaintiff also presents an incorrect legal standard in its Response. (Doc. # 39 2-3.) Plaintiff cites *Erickson v. Pardus,* 127 S. Ct. 2197, 2200 (2007), stating that *Erickson* reaffirmed the holding in *Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506 (2002), that "all that is required 'in a complaint is a short and plain statement of the claim showing that the pleader is entitled to relief . . . specific facts are not necessary. . . . '" (Doc. # 39 at 2-3) (citing *Swierkiewicz*, 534 U.S. at 508). The defendant in *Erickson* was not entitled to raise the qualified immunity defense, so the standard in *Erickson* is not relevant to this motion, in which the qualified immunity defense is available and heightened pleading applies. *See Danley v. Allen*, No. 07-12328, 2008 WL 3874672 at *11 (11th Cir. Aug. 22, 2008) (noting that the Supreme Court in *Swierkiewicz* did not address the pleading standard for § 1983 cases against officials who are able to assert qualified immunity as a defense, and that the Eleventh Circuit has continued to apply the heightened pleading standard in qualified immunity since *Swierkiewicz* was decided).
  The parties are strongly urged to accurately state the law in their briefs to this Court.

F.3d 1228, 1235 (11th Cir. 2003)) (internal quotation marks and citation omitted). A complaint must be dismissed under the heightened pleading standard where the allegations are "vague and conclusory." *Id.*

## DISCUSSION

Powell seeks to have Count III—the only count in which he is implicated in his individual capacity—dismissed. For the purpose of this motion, the parties do not actively contest the underlying issue of whether there has been a violation of a clearly established constitutional right as required to overcome qualified immunity. Instead, Powell's argument is that the Amended Complaint does not allege facts that "show a causal connection between Chief Powell's actions and the alleged deprivation." (Doc. # 35 3.) For the reasons set forth below, this Court finds that the Amended Complaint does not allege facts sufficient to meet the standard for supervisor's liability under § 1983.

The legal framework that governs the substantive issues in this case is founded on the proposition that "[s]upervisory officials are not liable under section 1983 on the basis of respondeat superior or vicarious liability." *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994). The standard by which a supervisor is held liable in his or her individual capacity for the actions of a subordinate is "extremely rigorous." *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003) (citing *Braddy v. Florida Dep't of Labor & Employment Sec.*, 133 F.3d 797, 802 (11th Cir. 1998)). "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal

connection between actions of the supervising official and the alleged constitutional deprivation." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990).

A plaintiff can establish the necessary causal connection in one of three ways. First, by showing that "a history of widespread abuse put[] the responsible supervisor on notice of the need to correct the alleged deprivation, and he fail[ed] to do so. " *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (citation omitted). "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Brown*, 906 F.2d at 671. A plaintiff can also establish the necessary causal connection by showing "facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Gonzalez*, 325 F.3d at 1235. Finally, a plaintiff can establish a causal connection by showing that a supervisor's "custom or policy . . . resulted in deliberate indifference to constitutional rights," *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991).

Plaintiff does not allege that Powell personally participated in the alleged mistreatment of Sanders. Thus, Plaintiff must establish a causal connection according to one of these three means.

### 1. History of Widespread Abuse

This Court previously determined that the original complaint (Doc. # 1) did not contain allegations sufficient to show causation using the history of widespread abuse theory:

> Plaintiff alleges that "the City of Dothan Police Department has been involved in the deaths of five (5) African-American pre-trial detainees since 2003." However, none of these deaths are alleged to have involved the denial of medical care to a pretrial detainee. The only alleged facts are that these individuals died during or soon after police chases. Plaintiff alleges only one incident that involved the denial of medical care to a pretrial detainee. A pretrial detainee was transported to the City of Dothan Jail while suffering from a stab wound, and he was placed in a cell overnight, despite heavy bleeding from his wound. He was transported to a hospital the next day. This single incident is insufficient to plausibly support a finding of "widespread abuse" that is sufficient to put Powell on notice of the need to take actions that would correct violations of arrestees' constitutional rights.

(Doc. # 31 5) (internal citations omitted).[6] By leave of the Court, Plaintiff amended the Complaint to add allegations that "on more than one occasion injured inmates had been brought to the jail by police officers when they were supposed to have been transported to the hospital for medical treatment," that the City of Dothan has a "history of neglecting to provide medical care for seriously injured pretrial detainees," and that "neglecting or denying injured pre-trial detainees medical care was an ongoing problem which the Defendants refused to correct." (Doc. # 32 ¶ 22.) The Amended Complaint adds two incidents to the one example of a pretrial detainee being denied needed medical care. Both incidents occurred on March 17, 2002, and during which two pretrial detainees were "brought to the Dothan City Jail with injuries . . . [and] should have been immediately taken to the hospital but were not." (Doc. # 32 ¶ 24.) The central issue presented by this motion is whether, with

---

[6] Because Plaintiff did not add details explaining the significance of the allegations in the Amended Complaint that the City of Dothan was "involved in" the deaths of five pretrial detainees since 2003, those allegations remain irrelevant. (Doc. # 31 5.)

these added allegations, Count III is pleaded with sufficient particularity to survive this motion to dismiss. It is not.

In *Cottone v. Jenne*, 326 F.3d 1352 (11th Cir. 2003), plaintiffs, the estate and the father of a deceased inmate, alleged that jail supervisors were liable for the jail guards' failure to monitor a mentally disturbed individual who attacked and killed the inmate. *Id.* at 1361. The complaint further alleged that "the defendants were on notice of the widespread unconstitutional conduct" by guards at the jail but had failed to properly train and supervise them. *Id.* The Eleventh Circuit held that the plaintiffs failed to adequately allege that the supervisors were on notice of the guards' unconstitutional conduct because the complaint did not contain "any specific facts at all" showing that the supervisors had knowledge of the guards' failure to monitor the inmates during this incident "or even one prior incident." *Id.* at 1361-62. Because the plaintiffs in that case also failed to allege facts sufficient to support causation based on one of the other two theories, the Eleventh Circuit held that "the plaintiffs fail[ed] to establish the necessary causal connection between the supervisors and the unconstitutional conduct in issue for supervisory liability to be imposed." *Id.*

In *Danley v. Allen*, on the other hand, a pretrial detainee brought a § 1983 action against jailers alleging that he was denied medical treatment after the jailers sprayed him with pepper spray. 2008 WL 2874672 at *1. The plaintiff alleged that, before this incident, the supervisors had knowledge through "force reports and similar documents, inmate complaints, jailer complaints, attorney complaints, judicial officer complaints, and personal observation"

that jailers "regularly used pepper spray excessively as a means of punishment and not for legitimate reasons." *Id.* at *2. The complaint also alleged that, through the same sources, the supervisors were aware that jailers at the detention center "regularly denied inmates prompt and adequate ventilation, decontamination, and medical care following pepper spray discharge as a means of punishment and not for legitimate reasons." *Id.* at *13. The Eleventh Circuit held that the plaintiff alleged sufficiently specific facts to establish the necessary causal connection between supervisors and the unconstitutional conduct of the jailers. The numerous complaints to the supervisors about the excessive use of pepper spray and the denial of adequate medical treatment to inmates were enough to put the supervisors on notice of misconduct that was "obvious, flagrant, rampant and of continued duration to require them to act." *Id.*

Count III is not pleaded with sufficient particularity. The Amended Complaint does not contain facts sufficient to state a plausible claim of constitutional violations that were (a) "obvious, flagrant, [and] rampant," (b) "of a continued duration," or (c) "sufficient to notify" Powell of the need to take corrective action. Each is required to state a claim under this theory of causation. *See Brown*, 906 F.2d at 671; *Cottone*, 326 F.3d at 1360.

The original complaint offered one isolated occurrence which, standing alone, was not sufficient to survive a motion to dismiss. (Doc. # 31 5.) The Amended Complaint adds two additional incidents that occurred on the same day. Three discrete incidents over the course of a sixteen-month period that ended over two years before Sanders was allegedly subjected

to unconstitutional conduct does not constitute widespread abuse that is "obvious, flagrant, [and] rampant." *Brown*, 906 F.2d 671.[7] Further, an alleged pattern of behavior with a two-year interruption is hardly "of continued duration." *Id.* Quite to the contrary, these three incidents are "isolated occurrences." *See id.*; *Danley*, 2008 WL 2874672 at *1-2, 13; *Valdes v. Crosby*. 450 F.3d 1231, 1239-40, 43-44 (11th Cir. 2006). The three alleged incidents do not, under the heightened pleading standard applicable to this case, evince the obvious, flagrant, rampant and continuous abuse that is required to withstand a 12(b)(6) motion to dismiss.

Moreover, the other added allegations are "vague and conclusory." *Danley*, 2008 WL 2874672, at *11. For example, the allegation that "on more than one occasion injured inmates had been brought to the jail by police officers when they were supposed to have been transported to the hospital" is vague because it could refer to one of the specific isolated incidents mentioned elsewhere in the Complaint. There is no way to know whether this allegation adds anything or if it is simply duplicative. Additionally, the allegations that the City of Dothan has a "history of neglecting to provide medical care for seriously injured pre-trial detainees" and that "neglecting or denying pre-trial detainees medical care was an ongoing problem" are conclusory. The heightened pleading standard requires the relevant facts be pleaded with some specificity—if the alleged history is "ongoing" and sufficiently

---

[7] The incident involving Burns occurred on July 11, 2003, and the incident involving Preston and Birge occurred on March 17, 2002. The alleged incident that gave rise to this case occurred on August 24, 2005.

-12-

"obvious, flagrant, [and] rampant," Plaintiff should be able to meet the pleading requirement by alleging specific facts stemming from that history.

Additionally, Count III suffers from fatal infirmities related to the notice requirement. Like the complaint dismissed in *Cottone*, Count III does not allege that Powell, who was not Chief of Police at the time of the three incidents, had knowledge of the alleged unconstitutional conduct, nor does it allege "any specific facts at all" showing that Powell had knowledge of the alleged relevant conduct or "even one prior incident." *Cottone*, 326 F.3d at 1361. Plaintiff only presents an allegation that "Powell should have had notice of this practice," (Doc. # 32 ¶ 25) and an argument (in Plaintiff's Response to John Powell's Renewed Motion to Dismiss) that "Defendant Powell does not aver that he lacked knowledge of the practice of taking injured pre-trial detainees to jail instead of to the hospital," and that "it is difficult to imagine that a police chief would not be briefed on past and present safety issues and policy violations." (Doc. # 39 3-4.) The allegation that Powell should have had notice is not sufficient to survive this Motion to Dismiss. *See Cottone*, 326 F.3d at 1361-62; *see also West v. Tillman*, 496 F.3d 1321, 1324-26, 28-30 (11th Cir. 2007) (per curiam). This insufficiency, together with Plaintiff's failure to allege specific facts showing that Powell had knowledge of the alleged specific incidents, which all occurred at least twenty months before Powell became chief of police,[8] dooms Count III.

These inadequacies draw into relief the differences between the allegations in Count

---

[8] Powell was first employed as police chief on March 15, 2005. (Doc. # 35 5.)

III and those in the *Danley* complaint, which the Eleventh Circuit held to state a claim. Unlike the conclusory allegations regarding notice in this case, the supervisors in *Danley* were alleged to have knowledge through "force reports and similar documents, inmate complaints, jailer complaints, attorney complaints, judicial officer complaints, and personal observation." 2008 WL 3874672 *13. Here, the allegation is only that Powell should have known, and the argument is simply that "it is difficult to imagine" that he did not know. Unlike the detailed allegations in *Danley*, these empty allegations are not pleaded with the specificity required to survive this Motion to Dismiss. *See id.* at *12-13; *see also Valdes* 450 F.3d at 1239-40, 43-44 (finding triable issue as to causation because of a history of widespread abuse where prior warden specifically warned defendant warden about certain guards' abusive practices, saying he was "afraid they would kill an inmate," and taped a list a problem guards to defendant warden's desk).[9]

---

[9] Powell takes issue with Plaintiff's argument, mooted by the findings in this Opinion, that "a police supervisor can be held liable pursuant to Section 1983 for past culpable conduct of his subordinates is he has knowledge of such conduct and fails to take action to prevent its recurrence," (Doc. # 39 3.) Whether a police supervisor can be held liable for past culpable conduct of his subordinates is irrelevant to this case. The issue between the parties appears to be whether specific occurrences that took place before Powell became Chief of Police can be used in the complaint to evince notice of ongoing unconstitutional conduct.

The parties have not provided, and the Court has not been able to locate, precedent that explicitly distinguishes between past culpable conduct that occurred before the supervisory official in question took office and past culpable conduct that occurred after the supervisory official in question took office. In fact, the Eleventh Circuit readily considers both types when making determinations regarding notice. *See Valdes v. Crosby,* 450 F.3d 1231, 1236-37, 39-40, 43-44 (11th Cir. 2006) (discussing, as evidence of notice under the history of widespread abuse theory, conversations between the prior warden and the defendant warden regarding past culpable conduct of corrections officers that occurred before the change in wardens); *West v. Tillman*, 496 F.3d 1321, 1324-26, 28-30 (11th Cir. 2007) (per curiam) (considering a history of under-staffing problems in a jail records department between 2000 and 2003 as evidence of notice against

Plaintiff failed to allege facts sufficient under the heightened pleading standard regarding (a) "obvious, flagrant, [and] rampant" constitutional violations, that were (b) of a "continued duration," and that (c) were sufficient to put Powell on notice of the need to take corrective action. Because the Amended Complaint is infirm in these three respects, Plaintiff cannot establish supervisory liability based on a history of widespread abuse theory.

### 2. Directing Unlawful Acts or Knowing Acts Were Ongoing and Failing to Respond

Plaintiff has added no new allegations supporting a causal inference based on the second theory of causation. The Court reaffirms its earlier holding on this score that "the alleged facts do not support an inference that Powell directed or knew of the officer and jail administrator's conduct toward Sanders." (Doc. # 31 6.) Therefore, Count III cannot survive this Motion to Dismiss based on this theory.

### 3. Custom or Policy Resulting in Deliberate Indifference to Constitutional Rights.

Plaintiff has added no new allegations supporting a causal inference based on the third theory of causation. The Court reaffirms its earlier holding on this score that "Plaintiff does not allege that Powell had a specific policy that caused the alleged mistreatment of Sanders."

---

various supervisory defendants, who took office at various times between 2000 and 2003); *see also Chestnut v. City of Quincy,* 513 F.2d 91, 92 (5th Cir. 1975) (per curiam) (holding that notice of culpable conduct that occurred before the supervisory official in question took office was not "under the circumstances" sufficient to create supervisory liability).

The allegations here are not sufficient to meet the heightened pleading requirement in any event, so the Court need not decide this issue.

(Doc. # 31 7.)  Therefore, Count III cannot survive this Motion to Dismiss based on this theory.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant John Powell's Partial Motion to Dismiss (Doc. #35) is GRANTED and Count III against Defendant John Powell in his individual capacity is DISMISSED WITH PREJUDICE.  Nothing in this Memorandum Opinion and Order is intended to address any of Plaintiff's other pending claims.

DONE this the 17th day of September, 2008

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE
